Leon GRIMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-88-00955-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 12, 1989.

Discretionary Review Refused
Feb. 7, 1990.

William M. Hicks, Dickinson, for appellant.

Michael J. Guarino, Crim. Dist. Atty., Thomas Rodriguez, Asst. Crim. Dist. Atty., Galveston, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

OPINION

EVANS, Chief Judge.

A jury convicted appellant of the offense of burglary of a habitation. The trial court found one enhancement allegation to be true and assessed punishment at 25 years confinement.

In appellant's sole point of error, he contends that the trial judge committed harmful error when he overruled his motion to dismiss the jury based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Under *Batson*, the State is prohibited from using its peremptory challenges to exclude members from the jury because of their race.

A defendant has the initial burden of establishing a prima facie case that the prosecutor purposefully discriminated against members of the defendant's race in the exercise of peremptory challenges. *Batson*, 476 U.S. at 93–94, 106 S.Ct. at 1721–1722. A defendant may establish a prima facie case by showing: (1) he or she is a member of a cognizable racial group; (2) the prosecutor exercised peremptory challenges to remove prospective jurors of the defendant's race; and (3) these facts and any other circumstances raise an inference that the prosecutor used his peremptory challenges to exclude veniremen based on race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722; *Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App.1987). Once the defendant has made a prima facie case, the burden shifts to the prosecutor to come forward with a racially neutral explanation for making the peremptory strikes. *Keeton v. State*, 749 S.W.2d 861, 862 (Tex.Crim.App. 1988); *Henry*, 729 S.W.2d at 734. If the prosecutor articulates non-discriminatory reasons for using the peremptory challenges, the defense may offer evidence showing the prosecutor's reasons are merely a sham or pretext. *Keeton*, 749 S.W.2d at 868.

In this case, the basic jury panel consisted of 36 members. Four of the 36 panel members were black. During the course of the voir dire examination, two panel members were excused for cause. Each side was permitted 10 peremptory strikes.

The State used four of its peremptory challenges to strike the four black panel members: Smith, Herren, McCoy, and Hightower. Twelve other members of the jury panel were then selected, impaneled, and sworn.

Appellant did not object to the make-up of the jury before its members were sworn. After the trial judge gave the jury some preliminary instructions, and released them until the following morning, appellant moved that the jury be dismissed because the State had struck all the black jurors. At this point, the prosecutor stated he would be willing to stipulate that the defendant was black, that the four individuals were black, and that he did strike them. However, he stated the strikes were not racially motivated. He said he would like "to go on the record" and explain why he made the peremptory strikes. The court then heard the prosecutor's explanations.

Regarding the prospective jurors, Smith and Herren, the prosecutor explained that both panel members had said they would require proof "beyond all doubt." The prosecutor said this required a higher degree of proof than the law required, and for this reason he struck the two potential jurors.

The prosecutor explained that panel member McCoy was a guard at the Texas Department of Corrections, and he said he had always had bad luck with jurors in that profession. He also explained that McCoy had grown up with appellant's family, worked with appellant's brother, and had a relative who was then under felony indictment and incarcerated in the county jail.

The prosecutor said he was first inclined to accept Hightower as a juror, because she had been the victim of a crime, and he thought she would be a "real good juror." But, he explained, Hightower told him her son had not been in trouble for 17 years, when, in fact, the pretrial investigation showed that Hightower's son had a DWI in the past year. The prosecutor said that if he could not trust Hightower to tell the truth, he was not comfortable in accepting her as a juror. He said her misrepresentation "really disturbed" him, and that if she

had just told him the truth, he probably "could have dealt with it."

Responding to the State's "neutral" explanations, appellant's counsel stated that he had asked both Smith and Herren if they could return a verdict upon finding the appellant was guilty beyond a reasonable doubt, and both said they could. He stated that while Herren first had some doubts about the matter, she later said she could sit on the jury and return a verdict without undue prejudice. He criticized the prosecutor because he had not challenged Smith and Herren for cause.

The prosecutor responded that Herren had said she would have "a lot of problems serving on the jury" because of her son, and that he, the prosecutor, took that into account when Herren said she would be "fair." He pointed out that Herren specifically said she would hold the State to the higher standard of proof, i.e., proof beyond all doubt. The prosecutor said he was under no duty to beg panel members to change their minds, and if they told him they were going to hold him to a higher standard of proof than the law required, that was enough for him. He said it was not fair for the State to have to accept as a juror a person who was going to hold the prosecutor to a higher standard of proof.

Upon completion of this discussion, the trial court announced that it would overrule appellant's motion to dismiss the panel.

■ A *Batson* objection, to be timely, must be made after the jury is selected but before the jury is sworn. *Henry*, 729 S.W.2d at 736–37; *Kline v. State*, 737 S.W.2d 895, 899 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). Here, appellant made the *Batson* objection after the jury was sworn; therefore, the objection was untimely. Because the objection was untimely, the State was not required to offer any explanations about the use of its peremptory strikes.

■ The court did, however, hold a *Batson* hearing, at the State's request, at which time the State presented explanations in support of its actions. Thus, we

will consider whether the prosecutor gave sufficiently neutral explanations, as though the defense objection was timely made. *See Smith v. State,* 734 S.W.2d 694, 697 (Tex.App.—Houston [1st Dist.] 1987), *rev'd on other grounds,* Nos. 832–87 through 834–87 (Tex.Crim.App., November 16, 1988, unpublished).

In reviewing the voir dire examination, we find that the prosecutor did specifically ask Smith and Herren, along with two other panel members, if they were going to require him to prove appellant's guilt "beyond all doubt." Both Smith and Herren *said they would require such proof;* the other two jurors said they would not.

Regarding McCoy, the prosecutor first ascertained that the panel member did not want to make a decision about appellant's guilt, because he and appellant's brother worked "pretty close" together in the Texas Department of Corrections. When the court asked defense counsel if he had any objection to excusing the panel member, appellant's counsel asked the panel member if he thought he could be fair as a juror, even though he knew appellant's brother. McCoy responded that he could, and the prosecutor said he did not think the panel member should be stricken for cause. The prosecutor said he thought McCoy would try to be fair and that he appreciated the panel member coming forward and telling the court that it would be awkward for him to sit as a juror.

The prosecutor explained to the court that he used one of his peremptory strikes for McCoy because McCoy had "three strikes" against him: (1) his employment with the Texas Department of Corrections; (2) his relationship to appellant's family; and (3) a cousin in jail charged with a felony.

The record also shows that Herren disclosed, before the bench, that her son was charged with theft, was out on bail, and that the matter had been pending for two or three years. She said she was upset by the charge and had trouble sleeping. The court offered to excuse Herren, but defense counsel interceded and asked Herren if she thought she could serve as an impartial juror. She replied that she thought she could, and the court did not excuse her.

Finally, as to Hightower, it appears that a state investigator made preliminary checks regarding everybody on the jury panel, and found that Hightower's son had pled guilty to the offense of driving while intoxicated about 10 months before the case came to trial. This fact was evidently reported to the prosecutor after his exchange with Hightower before the bench, so there was no opportunity for the prosecutor to question Hightower about it.

Based on the record before us, and considering the evidence in the light most favorable to the trial court's ruling, we conclude that no purposeful discrimination was shown. *See Keeton,* 749 S.W.2d at 870; *Agbogun v. State,* 756 S.W.2d 1, 6 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). The prosecutor's explanations are logical and do not suggest any discriminatory motive. Appellant presented no rebuttal to the neutral explanations offered by the State. Neither did appellant's trial counsel point out any inconsistencies between the prosecutor's treatment of black and white veniremen, or present any other circumstances showing the prosecutor's reasons to be mere pretext. Indeed, appellant made no attempt to compare the prosecutor's questioning of the black jury panel members with any of those who were not challenged by the prosecution.

We find sufficient support in the record for the trial court's denial of appellant's *Batson* motion, and, viewing the evidence in the light most favorable to the trial court's ruling, we will not disturb its ruling on this appeal.

We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.