William BUCCIARELLI, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–465–CR.

Court of Appeals of Texas,
Corpus Christi.

June 22, 1990.

Discretionary Review Refused
Oct. 17, 1990.

Leslie P. Dixon, Corpus Christi, for appellant.

Grant Jones, James D. Rosenkild, Dist. Atty's. Office, Corpus Christi, for appellee.

Before KEYS, KENNEDY and SEERDEN, JJ.

**1.** *See Cooper v. State,* 791 S.W.2d 80 (Tex.Crim. App., 1990) (noting the new name for the Texas Department of Corrections).

**2.** Appellant conceded at oral argument that the alleged error in the indictment was not fundamental.

## OPINION

KEYS, Justice.

The trial court found Appellant, William Bucciarelli, guilty in a bench trial of attempted sexual assault. *See* Tex.Penal Code Ann. § 22.011 (Vernon 1987). Confinement for life in the Texas Department of Criminal Justice, Institutional Division [1] is the punishment found appropriate by the court. Two prior convictions for similar crimes enhanced his sentence. He appeals his conviction by one point of error. We affirm.

This case presents the question whether non-fundamental [2] error in an indictment may be reviewed on appeal when the motion to quash was not timely filed, but the trial court hears the motion before trial without proper objection from the State.

### I.

Appellant entered a women's bathroom in a bar in Corpus Christi where he found the complaining witness, R____ M____. During this encounter, he violently grabbed her breast, pulled her clothes, and attempted to fondle her female sex organ. In addition, appellant stated "give it to me bitch" and otherwise threatened her. After several attempts, the victim managed to escape from the women's bathroom and seek the authorities. Appellant was subsequently indicted and charged with attempted sexual assault.

On the date of trial, appellant's attorney filed a motion to quash the indictment because it did not specify which of the possible variants of sexual assault the State would prove. Although the State had the power to object pursuant to Tex.Code Crim. Proc.Ann. art. 1.14(b) (Vernon supp. 1990), it failed to do so.[3] The judge heard argument from appellant and the State and denied appellant's motion.

**3.** Article 1.14(b) required the defendant to raise the alleged defect in the indictment prior to the date of trial. Failure to object "waives and forfeits" any error in the indictment for appellate review. *See Tovar v. State,* 777 S.W.2d 481 (Tex.App.—Corpus Christi 1989, pet. ref'd); *Gomez v. State,* 730 S.W.2d 144 (Tex.App.—Corpus Christi 1987, pet. ref'd).

## II.

Appellant, by his sole point of error, alleges the indictment is defective under Tex. Code Crim.Proc.Ann. art. 21.11 (Vernon 1989) because it failed to specify which variant of attempted sexual assault the State would seek to prove at trial. The State contends appellant did not preserve error because he did not file his motion to quash before the date of trial as required by article 1.14(b).

In *Cooper v. State,* 791 S.W.2d 80 (Tex. Crim.App.1990) (opinion on rehearing), appellant made an untimely *Batson*[4] motion after the jury had been sworn but before the venire panel had been dismissed. The State failed to object, and the motion was denied on the merits. The Houston Court of Appeals, First District, in an unpublished decision, held the State's failure to object to Cooper's untimely motion waived the State's ability to claim on appeal that Cooper's motion was untimely. The Court of Criminal Appeals reversed.

The Court of Criminal Appeals looked to the language of Tex.R.App.P. 52(a) which provides:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling on the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to the rulings or orders of the trial court.

Rule 52(a) imposes a duty on the party seeking to appeal to timely object. In *Cooper,* the party seeking to appeal was the defendant, and the alleged error was that a *Batson* motion was improperly ruled upon; however, the Court held the objection was not timely made, thus waiving this alleged error.

In the instant case, the party seeking to appeal is the defendant, and the alleged error is a defect in the indictment not timely objected to by appellant. We are required by *Cooper* to hold that appellant waived any error in the indictment by failing to object prior to the date of trial.

The language of Tex.Code Crim.Proc. Ann. art. 1.14(b) (Vernon 1989) provides:

> (b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any post conviction proceeding....

This language is unequivocal and clear. If defendant does not object prior to the date of trial, he "waives and forfeits the right to object ... and he may not raise the objection on appeal.". *See Van Dusen v. State,* 744 S.W.2d 279 (Tex.App.—Dallas 1987, no pet.) ("a motion to quash filed on the day of trial is too late, and any right to relief from defects in the information have been forfeited."). In the instant case appellant is seeking to do exactly what the statute specifically proscribes. We therefore hold appellant's alleged error has not been preserved for appeal.

We realize that this decision conflicts with decisions from the First District, *See Lee v. State,* 747 S.W.2d 57, 58 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd) ("Whenever a trial court conducts a *Batson* hearing with the consent of the State, appellant's objection, although previously waived, is considered timely made." Citing *Smith v. State,* 734 S.W.2d 694, 697 (Tex. App.—Houston [1st Dist.] 1987), *rev'd on other grounds,* Nos. 832–87 through 834– 87 (Tex.Crim.App., November 16, 1988, unpublished)); *Grimes v. State,* 779 S.W.2d

---

**4.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Texas a *Batson* motion must be made prior to the swearing of the jury and the discharge of the venire panel, *Henry v. State,* 729 S.W.2d 732, 737 (Tex.Crim.

App.1987) Tex.Code Crim.Proc.Ann. art. 35.-261(a) (Vernon 1989), otherwise the error is waived, *Green v. State,* 771 S.W.2d 576, 577 (Tex.App.—Houston [14th Dist.] 1989, no pet.).

124, 125 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (*Batson* hearing conducted with consent of State after untimely motion was preserved for appellate review.). We choose, however, to be governed by the very recent decision of the Court of Criminal Appeals in *Cooper* reversing the First District.

The error, if any, is not properly before this Court. Tex.R.App.P. 52 (Vernon 1990); Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon 1989). Appellant's conviction is AFFIRMED.