J.B. ADVERTISING, INC. and Milwee
Outdoor Advertising, Appellants,

v.

SIGN BOARD OF APPEALS OF the
CITY OF CARROLLTON, Texas, and
the City of Carrollton, Texas, Appellees.

No. 11–93–138–CV.

Court of Appeals of Texas,
Eastland.

Sept. 15, 1994.

Rehearing Denied Oct. 13, 1994.

Robert L. Kelsoe, Kelsoe, Anderson & Khoury, Dallas, for appellants.

Karen Brophy, City Atty. for the City of Carrollton, Texas, Carrollton, James R. Jordan, Marigny Lanier, Middleberg, Riddle & Gianna, Dallas, for appellees.

Opinion

McCLOUD, Chief Justice.

This case involves the appeal by writ of certiorari from a municipal sign board's decision to remove two billboards located in Carrollton, Texas. We hold that the owners of the billboards were denied their right to due course of law at the sign board administrative hearing. The trial court's judgment is reversed, and the cause is remanded.

The billboards in question were built in 1983. Both billboards were issued sign permits as commercial billboards. In 1986, the City of Carrollton enacted a new sign code prohibiting commercial billboards. The 1986 sign code defines a commercial billboard as "[a]ny sign which promotes or advertises *off premise* commodities or services" and defines a general business sign as "any sign which is used to identify a business, profession, service, product or activity conducted, sold or offered *on the premises* where such sign is located." (Emphasis added) The signs were granted nonconforming rights because they were lawfully in existence before the new code became effective. Later, Beaver Chevrolet purchased the tract of land that the signs were located on. In December of 1988, appellants entered into a lease agreement under which they leased the two signs for the purposes of reconstructing and maintaining the signs. The next day, appellants leased the billboard space to Beaver Chevrolet. Beaver Chevrolet used both signs to advertise its car dealership.

In January of 1992, Lonn Wade Fairless, the building official for the City of Carrollton, notified appellants that the two signs

had lost their nonconforming rights when the type of advertising had changed from off-premise to on-premise. The billboards were no longer commercial billboards but general business signs and did not meet the City's sign code requirements for general business signs. Fairless ordered that the signs be removed.

Appellants appealed Fairless' decision to the Sign Board of Appeals of the City of Carrollton. After a hearing, the Board upheld Fairless' decision. Appellants then filed a petition for writ of certiorari in the district court. The City and the Board filed a motion for summary judgment which the district court granted.

Appellants have briefed five points of error challenging the summary judgment. We will apply the well-established rules governing appellate review of summary judgments. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985); *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970).

■ In their first point, appellants argue that the motion for summary judgment failed to set forth the specific grounds upon which the motion was made as required by TEX. R.CIV.P. 166a(c). We disagree. The motion states in part:

The Summary Judgment evidence and pleadings in this case establish that there is no genuine issue of material fact concerning the placement of the Signs, the ordinances applicable to the Signs and the decision of the Board to uphold the interpretation of the City of Carrollton Building Official that the signs no longer serve a bona fide use conforming to the Sign Code and that Plaintiffs' non-conforming rights under the Code have been lost. The Summary Judgment evidence presents a record of sufficient and substantial evidence before the Board that establishes that the Board acted legally and without abuse of discretion.

Defendants are also entitled to Summary Judgment on Plaintiffs' request for Declaratory Judgment contained in their First Amended Original Petition because as a matter of law Declaratory relief cannot be granted because the Plaintiffs' request for relief is based on a discretionary act of the Building Official and not on a question of construction or validity of a City Ordinance. Tex.Civ.Prac. and Rem. 37.004. Further, declaratory relief is not appropriate when it will not terminate or resolve the controversy giving rise to the proceeding or when the cause of action has fully matured and remedy at law (e.g. Writ of Certiorari) exists. Tex.Civ.Prac. and Rem. 37.008.

The motion expressly presents specific grounds. *McConnell v. Southside Independent School District,* 858 S.W.2d 337 (Tex. 1993). The first point is overruled.

In the third and fourth points, appellants challenge the meaning of the word "premises" in the sign code. In the third point, appellants argue that the Board's ruling that the billboards were being used for "on-premise" advertising is not supported by substantial evidence. In the fourth point, appellants contend that the sign code is unconstitutionally vague because the code does not define "premises."

■ Municipal regulation of signs is governed by TEX.LOC.GOV'T CODE ANN. § 216.001 et seq. (Vernon 1988 & Supp. 1994). Review of a municipal sign board's decision is by writ of certiorari to determine the legality of the board's order. Section 216.014. This procedure is in all material respects identical to the procedure for reviewing the decision of a zoning board of adjustment. See and compare TEX.LOC. GOV'T CODE ANN. § 211.011 (Vernon 1988). Therefore, zoning board cases are instructive in reviewing a sign board's decision.

■ At common law, certiorari enabled a court to demand an inferior body to send up the record of its proceedings so that the court could determine whether the lower body acted within its proper jurisdiction. However, the supreme court held in *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67 (1945), that:

[T]he statute contemplates that the trial court, in passing on the legality of the order of the board, shall consider its veri-

fied return along with the evidence introduced, and from a consideration of the whole determine whether or not the board abused its discretion. The court is not to put itself in the position of the board and substitute its discretion for that of the board.

\* \* \* \* \* \*

To establish the illegality of the board's order . . . would require a very clear showing of abuse of discretion.

In *Nu–Way Emulsions, Inc. v. City of Dalworthington Gardens,* 617 S.W.2d 188 (Tex. 1981), the supreme court expressly stated that the decision of a zoning board is to be reviewed by an abuse of discretion standard according to the rule announced in *Boehme Bakery.* We hold that decisions of a sign board, when appealed by writ of certiorari, should be reviewed by the abuse of discretion standard. See *Board of Adjustment of the City of Corpus Christi v. Flores,* 860 S.W.2d 622 (Tex.App.—Corpus Christi 1993, writ den'd).

Appellants and appellees disagree on the meaning of the word "premises." Appellants contend that "premises" means the legal property interest they had in the signs. Since they had a leasehold interest, appellants argue that the "only premises" is the interest described in the lease agreement. Appellees argue that, regardless of the leasehold interest, the billboards were located on the same "premises" as Beaver Chevrolet. We agree with appellees.

In construing an ordinance, a court's primary duty is to carry out the intentions of the municipal legislative body. *Bolton v. Sparks,* 362 S.W.2d 946 (Tex.1962). The same rules apply to the construction of municipal ordinances as apply to the construction of statutes. *Mills v. Brown,* 159 Tex. 110, 316 S.W.2d 720 (1958). The sign code does not define the word "premises." We will read the word in context and apply the common and ordinary meaning unless the word has acquired a technical or particular meaning. See TEX.GOV'T CODE ANN. § 311.011(a), (b) (Vernon 1988).

The common definition of the word "premises" is "a building or part of a building with its grounds or other appurtenances." *Billstrom v. Memorial Medical Center,* 598 S.W.2d 642 (Tex.Civ.App.—Corpus Christi 1980, no writ); see also *Texas Department of Transportation v. Henson,* 843 S.W.2d 648 (Tex.App.—Houston [14th Dist.] 1992, writ den'd). The court in *Billstrom v. Memorial Medical Center,* supra, cited Black's Law Dictionary for the following definition of "premises":

> [A]n estate, including land and buildings thereon. . . . The area of land surrounding a house, and actually or by legal construction forming one enclosure with it. A distinct and definite locality, and may mean a room, shop, building, or other definite area, or a distinct portion of real estate.

Under the sign code, whether a sign is a commercial billboard or a general business sign is determined by whether the business advertised on the sign is located on or off the "premises" where the sign is located. In the context of the sign code, "premises" means the sign structure and the surrounding land, including any buildings located on the land, which together constitute a distinct and definite locality or portion of real estate. We reject appellants' argument that "premises" is limited to the legal property interest in a sign.

It is clear from the record that the signs were physically located on a distinct portion of real estate owned and used by Beaver Chevrolet and that the signs were used to advertise Beaver Chevrolet. Moreover, although they held a leasehold interest in the signs, appellants leased back to Beaver Chevrolet the right to control the advertising placed on those signs. The Board did not abuse its discretion in determining that the signs were used for on-premise advertising. The third point is overruled.

In addressing a challenge to the constitutionality of the sign code, it is presumed that the ordinance is valid and that the City did not act arbitrarily in enacting it. *Robinson v. Hill,* 507 S.W.2d 521 (Tex.1964). An ordinance is unconstitutionally vague when persons regulated by it are exposed to some risk or detriment without fair warning of the nature of the proscribed conduct.

*Texas Liquor Control Board v. The Attic Club, Inc.,* 457 S.W.2d 41 (Tex.1970). Due process is violated when persons of common intelligence are compelled to guess at a law's meaning and applicability or when there is a substantial risk of miscalculation by those whose acts are subject to regulation. In *Sproles v. Binford,* 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932), the Supreme Court stated:

> The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.

■■■ Although the sign code does not define "premises," the term does have an established and understood meaning. The sign code provided appellants fair and adequate notice. As applied to the facts of this case, the term "premises" in the sign code is not unconstitutionally vague. The fourth point is overruled.

In the fifth point, appellants argue that the City enforced the sign ordinance in such an arbitrary and discriminatory manner as to render the ordinance unenforceable against them. We disagree.

■■■ Discriminatory enforcement, as a defense to an enforcement proceeding, is derived from the constitutional guarantees of equal protection under U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 3. To establish a claim of discriminatory enforcement, it must first be shown that a person or entity has been singled out for enforcement while others similarly situated have not. *State v. Malone Service Company,* 829 S.W.2d 763 (Tex.1992). Appellants point to summary judgment evidence that there were other signs in violation of the sign code which were not subjected to enforcement action by the building official. However, it is not enough to show that the law has been enforced against some but not others. It must also be shown that the government has purposefully discriminated on the basis of such impermissible considerations as race, religion, or the desire to prevent the exercise of constitutional rights. *State v. Malone Service Company,* supra.

The record reflects that Fairless testified before the Board as follows:

> The building inspection department is continuously monitoring billboards in the City of Carrollton and have been for several years. We don't have the resources to taken [sic] enforcement actions against all of them simultaneously. So we basically do one case at a time.

Fairless also indicated that enforcement action was not taken in some cases because some people question the code's requirements and that, in such a case, he would confer with the city manager and the city council to determine if the ordinance should be revised. This evidence was undisputed. Appellants offered no controverting evidence raising a fact issue as to whether the City enforced the provisions of the sign code against them because of some impermissible consideration.

■■■ A discriminatory purpose is never presumed; and the party asserting discriminatory enforcement must establish a clear intentional discrimination in enforcement of the law. *State v. Malone Service Company,* supra. The City established that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on appellants' claim of discriminatory enforcement. The fifth point is overruled.

In their second point of error, appellants contend that the district court erred in granting summary judgment because they were denied the fundamental right to cross-examine witnesses at the hearing before the Board. Specifically, appellants argue that they were denied the right to cross-examine the only witness called by the City, Fairless. We agree.

■■■ Both the federal and state constitutions guarantee due process of law. U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19. We will first consider whether the denial of cross-examination violates the due course of law provision of the Texas Constitution. See *R Communications, Inc. v. Sharp,* 875 S.W.2d 314 (Tex.1994).

■■■ Although the rules applicable to courts of law need not be strictly followed,

administrative proceedings still must meet the minimum requirements of due process. *Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11 (Tex.1977); *Roberts v. Houston Independent School District,* 788 S.W.2d 107 (Tex.App.—Houston [1st Dist.] 1990, writ den'd); *Murphy v. Rowland,* 609 S.W.2d 292 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). As the Texas Supreme Court stated in *State v. Crank,* 666 S.W.2d 91 (Tex.1984), "the ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law." See also *Murphy v. Rowland,* supra; *Thompson v. Texas State Board of Medical Examiners,* 570 S.W.2d 123 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Martinez v. Texas State Board of Medical Examiners,* 476 S.W.2d 400 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.).

■■■■ A fair opportunity for the parties to prove their respective cases is essential to an administrative hearing comporting with due process. *Lewis v. Metropolitan Savings and Loan Association,* supra. In *Richardson v. City of Pasadena,* 513 S.W.2d 1 (Tex. 1974), the supreme court stated:

> The right to cross examination is a vital element in a fair adjudication of disputed facts. The right to cross examine adverse witnesses and to examine and rebut all evidence is not confined to court trials, but applies also to administrative hearings.

See also *Rector v. Texas Alcoholic Beverage Commission,* 599 S.W.2d 800 (Tex.1980); *Board of Adjustment of the City of San Antonio v. Willie,* 511 S.W.2d 591 (Tex.Civ. App.—San Antonio 1974, writ ref'd n.r.e.); TEX.GOV'T CODE ANN. § 2001.087 (Vernon Pamph.1994) (providing for cross-examination in contested cases). We hold that due process requires that parties to an administrative sign board hearing be afforded the opportunity to cross-examine witnesses.

■■■ Appellees argue that the due process requirements were met because appellants' attorney was allowed to direct questions to the Chair of the Board who then referred the questions to the witness. We hesitate to approve any qualifications or restrictions imposed upon the right to cross-examine witnesses, and we hold that requiring parties desiring to cross-examine witnesses to ask questions through the Board places an unjustifiable restriction on their due course of law rights under TEX. CONST. art. I, § 19.[1]

Appellees also argue that the opportunity to depose and cross-examine witnesses upon appeal to the district court cures any due process violation occurring at the agency level. We disagree.

■■■ There is authority for the proposition that there is no due process violation if provision is made for a trial de novo on the issues passed upon by a board or commission. See *Keggereis v. Dallas Central Appraisal District,* 749 S.W.2d 516 (Tex.App.— Dallas 1988, no writ); *Big D Bamboo, Inc. v. State,* 567 S.W.2d 915 (Tex.Civ.App.—Beaumont 1978, no writ); *Francisco v. Board of Dental Examiners,* 149 S.W.2d 619 (Tex.Civ. App.—Austin 1941, writ ref'd). However, TEX.LOC.GOV'T CODE ANN. § 216.014 (Vernon 1988) does not provide for a trial de novo. Review of the sign board's decision is limited to determining whether the board abused its discretion.

The hearing conducted by the Board denied appellants their due course of law rights under Article I, section 19 of the Texas Constitution. Therefore, appellees failed to prove, as a matter of law, that they were entitled to a judgment in their favor. We need not consider whether the procedure also violates the due process provision of the United States Constitution. See *R Communications, Inc. v. Sharp,* supra.

The judgment of the district court is reversed, and the cause is remanded.

DICKENSON, J., not participating.

---

1. Although the issue appears to be one of first impression in Texas, courts of other jurisdictions have been confronted with, and have disapproved of, similar restrictions on the right to cross-examine witnesses in administrative proceedings. See *Wadell v. Board of Zoning Appeals of City of New Haven,* 136 Conn. 1, 68 A.2d 152 (1949); *E & E Hauling, Inc. v. County of DuPage,* 77 Ill.App.3d 1017, 33 Ill.Dec. 536, 396 N.E.2d 1260 (1979).