**Lavelle SMITH, Appellant,**

v.

**The STATE of Texas, State.**

No. 2-94-315-CR.

Court of Appeals of Texas, Fort Worth.

July 13, 1995.

Anthony D. Lyons, Dallas, for appellant.

Tim Curry, Criminal Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs Appellate Section, Danielle A. LeGault, John Hardin, Jay Lapham, Asst. Crim. Dist. Attys., for appellee.

Before DAUPHINOT, RICHARDS and JOE L. DRAUGHN (Assigned), JJ.

OPINION

DAUPHINOT, Justice.

Appellant, Lavelle Smith,[1] was convicted of first degree aggravated assault of a peace officer upon his plea of not guilty to the trial court. The court found him guilty and, upon his plea of true to both the enhancement count and the habitual count, assessed his punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single point of error, Appellant complains that the trial court erred in overruling his oral motion to quash the indictment. We affirm.

The indictment charged that Appellant did:

Then and there intentionally and knowingly threaten D.D. Collins with imminent bodily injury and did then and there use a deadly weapon, to-wit: a screwdriver, that in the manner of its use and intended use was capable of causing death and serious bodily injury, and the said D.D. Collins

---

1. The indictment spelled Appellant's name "Lavell Smith," but he signed his name "Lavelle Smith" in the notice of appeal. We will spell his name as he signed it in his notice of appeal.

was then and there a peace officer in the lawful discharge of his official duty and the said defendant had been informed and knew D.D. Collins was a peace officer.

Prior to trial, Appellant orally moved to quash the indictment. Article 27.10 of the Texas Code of Criminal Procedure provides:

All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing.

TEX.CODE CRIM.PROC.ANN. art. 27.10 (Vernon 1989).

The requirement that a motion to quash be in writing is mandatory. An oral motion to quash preserves nothing for review. *Faulks v. State,* 528 S.W.2d 607, 609 (Tex.Crim.App. 1975).

Because there is no proper motion to quash before us, we do not reach the question of the sufficiency of the indictment.

The judgment of the trial court is affirmed.