TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00195-CR







Ronald Jackson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 37,369, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







 Ronald Jackson appeals from a jury trial conviction for the offense of operating a
sexually oriented business without a license. Tex. Loc. Gov't Code Ann. § 243.010(b) (West
Supp. 1996); San Marcos, Tex., Mun. Code ch. 37. The trial court assessed punishment at a fine
of $750.00. Appellant does not challenge the sufficiency of the evidence, but asserts that the trial
court erred in refusing to quash the information and in instructing the jury. We will affirm the
judgment.

 The legislature has authorized municipalities to adopt ordinances regulating sexually
oriented businesses. Tex. Loc. Gov't Code Ann. § 243.003(a) (West Supp. 1996); Smith v. State,
866 S.W.2d 760, 762 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). A municipality may
require the owner or operator of a sexually oriented business to obtain a license to operate such
a business. Tex. Loc. Gov't Code Ann. § 243.007(a) (West Supp. 1996); Mayo v. State, 877
S.W.2d 385, 387 (Tex. App.--Houston [1st Dist.] 1994, no pet.). A person commits a class A
misdemeanor offense if the person violates a municipal regulation adopted under the legislative
authority to regulate sexually oriented businesses. Tex. Loc. Gov't Code Ann. § 243.010(b)
(West Supp. 1996). A City of San Marcos ordinance provides that a person commits an offense
if he or she operates a sexually oriented business without a valid license, issued by the city for that
particular business. San Marcos, Tex., Mun. Code § 37-4(a).

 Although appellant has argued constitutional principles both in the trial court and
on appeal, the points of error that he presents concern procedural matters. In his first point of
error, appellant urges that the trial court "erred in denying appellant's motion to quash the
information, because the ordinance he was charged with violating was void as an unconstitutional
prior restraint of speech, in that it gave the licensing officials unfettered discretion in determining
which businesses would be issued or denied a license."

 Appellant has failed to direct our attention to any ground alleged in his written
motion to quash the information that comports with the ground raised in this point of error, and
we have found no such ground in his written motion. Rather, appellant's reference to the record
is to oral argument at the hearing of the motion to quash. In a footnote in the written motion to
quash, appellant argued that the ordinance was unconstitutional as applied to his business. In his
written motion, appellant did not, as he does on appeal, attack the ordinance for being facially
unconstitutional. Appellant now on appeal asserts the ordinance is unconstitutional on its face,
and he cites the Supreme Court's holding in FW/PBS, Inc. v. City of Dallas, 107 L. Ed. 2d 603
(1990). That case was cited in oral argument before the trial court, but for a different reason. 
When that case was cited in oral argument, the argument was focused on the city's failure to
notify appellant of his right to appeal from the city's decision.

 All motions to set aside an information shall be in writing. Tex. Code Crim. Proc.
Ann. art. 27.10 (West 1989); Nichols v. State, 653 S.W.2d 768, 769-70 (Tex. Crim. App. 1981);
Faulks v. State, 528 S.W.2d 607, 609 (Tex. Crim. App. 1975). This statutory requirement is
mandatory; therefore, an oral motion to quash preserves nothing for review. Smith v. State, 902
S.W.2d 755, 756 (Tex. App.--Fort Worth 1995, no pet.). A written motion to quash a pleading
will not preserve for review an unrelated ground to quash presented by an oral motion. Marshall
v. State, 646 S.W.2d 522, 524 (Tex. App.--Houston [1st Dist.] 1982, no pet.). A trial objection
stating one legal basis may not be used to support a different theory on appeal. Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990). To preserve alleged error for review, a
defendant's motion to quash must sufficiently apprise the trial court of the same complaint later
raised on appeal. Id. at 871; Whalon v. State, 725 S.W.2d 181, 191 (Tex. Crim. App. 1986). 
The trial objection must comport with the appellate complaint to preserve the alleged error for
review. See Tex. R. App. P. 52(a); McFarland v. State, 845 S.W.2d 824, 835 (Tex. Crim. App.
1992). This point of error does not comport with any objection raised in appellant's written
motion to quash the information. Therefore, the alleged error was not preserved for review, and
appellant's first point of error is overruled.

 In his second point of error, appellant argues that the trial court "erred in denying
appellant's motion to quash the information, because the ordinance he was charged with violating
was void as an unconstitutional prior restraint on speech, in that the licensing scheme under the
ordinance effectively banned the distribution of pornographic material within the city limits of San
Marcos." In support of this point of error, appellant relies upon the evidence he offered at the
hearing of his motion to quash the information. Appellant says that in that hearing he proved that: 
(1) the ordinance reserved only a few unattractive and relatively inaccessible areas for the exercise
of free speech; (2) the ordinance provided only 339 acres divided into six tracts to accommodate
adult oriented businesses; (3) the permissible locations provided were commercially impracticable;
(4) Even if appellant moved his business to one of the permissible locations, he would not be
guaranteed his right of free expression; and (5) the ordinance served no genuine state interest and
prevented only perceived unpleasantness. Based on this evidence, appellant urges that the trial
court erred in failing to quash the indictment.

 This evidence may have been offered on the merits of the case, but should not be
considered on a pretrial motion to quash the information. Reed v. State, 762 S.W.2d 640, 645
(Tex. App.--Texarkana 1988, pet. ref'd). In ruling on a motion to quash an information or an
indictment, the trial court should consider only the face of the pleading itself because a charging
instrument may not be defeated or supported by evidence. State v. Rosenbaum, 910 S.W.2d 934,
948 (Tex. Crim. App. 1995); Brasfield v. State, 600 S.W.2d 288, 294 (Tex. Crim. App. 1980);
Tinker v. State, 179 S.W.2d 572, 574 (Tex. Crim. App. 1915); Ritter v. State, 176 S.W.2d 727,
730 (Tex. Crim. App. 1915). "In judging the sufficiency of the charging instrument, when
challenged by a motion to quash, this Court only examines the accusatory pleading." Barnhart
v. State, 648 S.W.2d 696, 698 (Tex. Crim. App. 1983); Reed, 762 S.W.2d at 645. "An
indictment must stand or fall upon the averment found in that document itself. The evidence may
not be looked to in aid thereof." Bourland v. State, 112 S.W.2d 720, 720 (Tex. Crim. App.
1937). The trial court did not err in disregarding the evidence offered on the hearing of the
motion and in overruling appellant's motion to quash. Appellant's second point of error is
overruled.

 In his third point of error, appellant declares that "the trial court erred in denying
appellant's motion to quash the information for failure to state an offense on the ground that the
City Ordinance was not an ordinance properly adopted under the State Statute which Jackson was
charged with violating, because the ordinance allowed prosecution for a far broader scope of
activity than did the State Statute." Again, procedural deficiencies prevent appellate review of
the matter raised in this point of error. Appellant has failed to direct our attention to an allegation
in his written motion to quash that comports with his claim made in this point of error. Instead,
appellant designates a portion of his oral argument to support this point of error. The failure to
include this matter as an objection in his written motion to quash is fatal to appellate review. Tex.
Code Crim. Proc. Ann. art. 27.10 (West 1989); Faulks, 528 S.W.2d at 609; Leach v. State, 726
S.W.2d 598, 601 (Tex. App.--Houston [14th Dist.] 1987, no pet.).

 Moreover, the oral motion on which appellant relies was untimely.



If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the
merits commences, he waives and forfeits the right to object to the defect, error,
or irregularity and he may not raise the objection on appeal or in any other
postconviction proceeding.



Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1996). Failure to object to a claimed
defect in pleading "before the date on which the trial commence[d]" waived the claimed defect. 
Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990); Studer v. State, 799 S.W.2d
263, 273 (Tex. Crim. App. 1990); Van Dusen v. State, 744 S.W.2d 279, 279-80 (Tex.
App.--Dallas 1987, no pet.); see Donato v. State, 819 S.W.2d 164, 166-67 (Tex. Crim. App.
1991). Article 1.14(b) applies even though the trial court hears a motion without proper objection
by the State. Bucciarelli v. State, 793 S.W.2d 289, 289-90 (Tex. App.--Corpus Christi 1990, pet.
ref'd). The issue presented in point of error three was not preserved for appellate review and is
overruled.

 In points of error four and five, appellant complains that the trial court erroneously
instructed the jury that the ordinance appellant allegedly violated was adopted pursuant to
legislative authority and refused to instruct the jury that before convicting appellant it must find
that the ordinance allegedly violated was adopted pursuant to legislative authority. In other
words, is the jury or the trial judge to decide whether the ordinance adopted by the city is an
ordinance authorized by the statute? If this is a question of fact, it is for the jury to decide; if this
is a matter of law, it is for the trial court to decide.

 Matters of statutory construction are questions of law for the court to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989); Pudido v. Dennis, 888 S.W.2d
518, 519-20 (Tex. App.--El Paso 1994, no writ); Trinity Universal v. Fidelity & Gas Co., 837
S.W.2d 202, 204 (Tex. App.--Dallas 1992, no writ); Wisenbarger v. Gonzales Warm Springs
Hosp., 789 S.W.2d 688, 691 (Tex. App.--Corpus Christi 1990, writ denied). The construction
and interpretation of statutes is for the court and not the jury to decide, and a trial court errs in
submitting the meaning of statutes to a jury. Falcone v. Palmer Ford Inc., 219 A.2d 808, 810
(Md. Ct. App. 1966); Seybert v. County of Imperial, 327 P.2d 560, 562 (Cal. App. 1958).

 The construction to be given a municipal ordinance is also a question of law. Mills
v. Brown, 316 S.W.2d 720, 723 (Tex. 1958); J. B. Advertising v. Sign Bd. of Appeals, 883
S.W.2d 443, 447 (Tex. App.--Eastland 1994, writ denied).

 The trial court did not err in refusing to allow the jury to decide as a fact issue
whether the ordinance was adopted pursuant to legislative authority. Furthermore, the trial court
did not err in instructing the jury as a matter of law that the ordinance was adopted pursuant to
the statute expressing legislative authority. We would have been able to review the trial court's
ruling on whether the ordinance had been properly adopted if that issue had been properly
presented to the trial court prior to trial and preserved for our review. We pointed out in our
disposition of the third point of error that this issue had not been properly and timely presented
to the trial court, therefore, appellate review was waived. Appellant's fourth and fifth points of
error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: April 3, 1996

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



date on which the trial on the
merits commences, he waives and forfeits the right to object to the defect, error,
or irregularity and he may not raise the objection on appeal or in any other
postconviction proceeding.



Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1996). Failure to object to a claimed
defect in pleading "before the date on which the trial commence[d]" waived the claimed defect. 
Rodriguez v. State, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990); Studer v. State, 799 S.W.2d
263, 273 (Tex. Crim. App. 1990); Van Dusen v. State, 744 S.W.2d 279, 279-80 (Tex.
App.--Dallas 1987, no pet.); see Donato v. State, 819 S.W.2d 164, 166-67 (Tex. Crim. App.
1991). Article 1.14(b) applies even though the trial court hears a motion without proper objection
by the State. Bucciarelli v. State, 793 S.W.2d 289, 289-90 (Tex. App.--Corpus Christi 1990, pet.
ref'd). The issue presented in point of error three was not preserved for appellate review and is
overruled.

 In points of error four and five, appellant complains that the trial court erroneously
instructed the jury that the ordinance appellant allegedly violated was adopted pursuant to
legislative authority and refused to instruct the jury that before convicting appellant it must find
that the ordinance allegedly violated was adopted pursuant to legislative authority. In other
words, is the jury or the trial judge to decide whether the ordinance adopted by the city is an
ordinance authorized by the statute? If this is a question of fact, it is for the jury to decide; if this
is a matter of law, it is for the trial court to decide.

 Matters of statutory construction are questions of law for the court to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989); Pudido v. Dennis, 888 S.W.2d
518, 519-20 (Tex. App.--El Paso 1994, no writ); Trinity Universal v. Fidelity & Gas Co., 837
S.W.2d 202, 204 (Tex. App.--Dallas 1992, no writ); Wisenbarger v. Gonzales Warm Springs
Hosp., 789 S.W.2d 688, 691 (Tex. App.--Corpus Christi 1990, writ denied). The construction
and interpretation of statutes is for the court and not the jury to decide, and a trial court errs in
submitting the meaning of statutes to a jury. Falcone v. Palmer Ford Inc., 219 A.2d 808, 810
(Md. Ct. App. 1966); Seybert v. County of Imperial, 327 P.2d 560, 562 (Cal. App. 1958).

 The construction to be given a municipal ordinance is also a question of law. Mills
v. Brown, 316 S.W.2d 720, 723 (Tex. 1958); J. B. Advertising v. Sign Bd. of Appeals, 883
S.W.2d 443, 447 (Tex. App.--Eastland 1994, writ denied).

 The trial court did not err in refusing to allow the jury to decide as a fact issue
whether the ordinance was adopted pursuant to legislative authority. Furthermore, the trial court
did not err in instructing the jury as a matter of law that the ordinance was adopted pursuant to
the statute expressing legislative authority. We would have been able to review the trial court's
ruling on whether the ordinance had been properly adopted if that issue had been properly
presented to the trial court prior to trial and preserved for our review. We pointed out in our
disposition of the third point of error that this issue had not been properly and timely presented
to the trial court, therefore, appellate review was waived. Appellant's fourth and fifth points of
error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally