**Glen WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00734–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1992.

Rehearing Denied July 2, 1992.

William M. Hicks, Houston, for appellant.

Warren Goodson, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Glen Williams, appeals his judgment of conviction for the offense of burglary of a motor vehicle. TEX. PENAL CODE ANN. § 30.04 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at thirty five (35) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error appellant asserts that his trial attorney was guilty of ineffective assistance because he made an untimely *Batson* challenge to the jury panel. The relevant facts are as follows: On the evening of October 14, 1990, in Galveston, Texas, Arthur Ware heard a crash outside his apartment. Looking out the window Ware observed a black man, later identified as this appellant, exiting Ware's automobile with Ware's fishing pole in hand. When appellant failed to abide by Ware's order to stop, Ware gave chase. Following appellant down an alley Ware picked up a stick. Appellant during the

chase had Ware's fishing pole in his hand. While chasing appellant, Ware told a taxi cab dispatcher to call the police. Nearing a bar and restaurant, called the Press Box, Ware caught appellant. Customers of the Press Box informed an off duty Galveston Police Officer of the dispute outside the bar.

Officer William Jackson, a Galveston Police Officer, was working an extra job as security officer at the Press Box on October 14, 1990. At approximately 10:15 p.m. Jackson was notified of the dispute outside the bar. He immediately went out the front door to investigate. Upon leaving the Press Box, Officer Jackson observed Ware striking a black man with a stick. Jackson separated the two men and began investigating the problem. Jackson's investigation located Ware's fishing pole near the scene.

Officer Walter Braun of the Galveston Police Department reached the Press Box on the night of October 14, 1990, and relieved Officer Jackson. After taking custody of appellant, Braun then assisted by Officer Wilson went to the apartment of Mr. Ware. In front of Ware's apartment, Braun observed Ware's automobile with its broken right rear window.

At trial appellant's counsel attempted to make a *Batson* challenge. After the judge had seated the twelve person jury and sworn them in, appellant's trial counsel approached the bench and moved for a *Batson* hearing in regard to the State's strikes. The State objected to the *Batson* motion on grounds that the motion by defense counsel was not timely made. The trial court found the request to be untimely and denied the request. The case then proceeded to trial before the jury.

A legitimate claim of ineffective assistance must meet the two part test set out in *Strickland*. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). (1) The appellant claiming ineffective assistance of counsel must show the counsel was not reasonably effective; and (2) appellant must show a reasonable probability a dif-

ferent result would have occurred but for the counsel's ineffective assistance.

■ Trial counsel's performance was deficient and ineffective in not raising the Batson challenge timely. For this objection to be timely it must be raised after the parties delivered their lists of strikes and before the court impanelled the jury. TEX. CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). *Cooper v. State*, 791 S.W.2d 80 (Tex.Crim.App.1990). A jury is considered impanelled when the members of the jury have been both selected and sworn. *Price v. State*, 782 S.W.2d 266 (Tex.App.—Beaumont 1989, pet. ref'd).

However, appellant has not shown a reasonable probability that a different result would have occurred but for his trial counsel's ineffective assistance. Appellant's trial counsel did about all that could be expected considering appellant was observed by Mr. Ware, the victim, stealing a fishing pole from Ware's car. There is no evidence in the record which shows any possibility any jury could reach a verdict other than guilty. The record reveals that appellant was observed by Mr. Ware, the victim, coming out of the Ware's automobile with a fishing pole. Ware caught appellant near the crime scene. Ware's auto was later found to have a broken rear window. Ware identified appellant before the jury as the same man who committed the crime. Arresting police officers confirmed the testimony of Mr. Ware and also identified appellant as the man arrested after the struggle with Ware on October 14, 1990.

The facts of the case clearly show appellant has failed to meet his burden required by the second part of the *Strickland* test. *Strickland*, supra. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.