LARRY LEE BUTER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-304-CR

LARRY LEE BUTLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Larry Lee Butler appeals from his conviction for aggravated robbery with a deadly weapon.  On appeal, he contends that:  (1) the evidence was legally and factually insufficient to show that he used or exhibited a deadly weapon, (2) the evidence was legally insufficient to show that he committed theft, and (3) his trial counsel was ineffective because he failed to timely assert a 
Batson
(footnote: 2) challenge.  We will affirm.

Factual Background

On December 15, 2001, appellant entered the 18 Hour Food Mart, where he was a regular customer who usually only bought beer.  Both of the owners, James Kim and Chiahao Shen, were working that evening.  Appellant picked up a beer, then asked the price of a package of Corn Nuts.  After being told the price, appellant placed the beer on the counter.  Kim asked appellant if he had anything else, appellant said no, and Kim gave appellant change for the purchase of the beer. 

Shen saw a package of Corn Nuts in appellant’s coat pocket as appellant started to leave the store.  Shen told Kim, in Chinese, that appellant was trying to leave the store without paying for the Corn Nuts.  Shen then moved to block appellant’s exit by standing between appellant and the front door, and Kim called 911 to report the incident.  While Kim was talking to the 911 operator, appellant pulled a knife on Shen, threatened Shen, and pushed Shen from the front door to the lottery table.  During the struggle, a package of Corn Nuts fell from appellant’s pocket.  While still brandishing the knife, appellant grabbed another package of Corn Nuts and left the store, returned briefly and threatened Kim and Shen, then left again.  When he was arrested a short time later near the store, he had a beer in one hand, a package of Corn Nuts in the other, and a knife in his back pants pocket. 

Sufficiency of the Evidence

Standard of Review

In his first two points, appellant challenges both the legal and factual sufficiency of the evidence.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. 
Deadly weapon

A person commits aggravated robbery if he uses or exhibits a deadly weapon during the course of a theft and intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  
Tex. Penal Code Ann.
 §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003).  In his first point, appellant asserts that the evidence is legally and factually insufficient to show that the knife he used during the alleged robbery was a deadly weapon.

A deadly weapon is defined as “(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.”  
Tex. Penal Code Ann.
 § 1.07(a)(17).  Generally, a knife is not a deadly weapon by design.  
Thomas v. State, 
821 S.W.2d 616, 620 (Tex. Crim. App. 1991).  A knife can be a deadly weapon, however, if in the manner of its use or intended use it was capable of causing death or serious bodily injury.  
McCain v. State, 
22 S.W.3d 497, 503 (Tex. Crim. App. 2000); 
Brown v. State, 
716 S.W.2d 939, 946 (Tex. Crim. App. 1986).
  
To determine whether a knife is a deadly weapon in the manner of its use or intended use, we consider the size, shape, and sharpness of the knife; the manner of its use or intended use; its capacity to produce death or serious bodily injury; and testimony concerning the knife’s life-threatening capabilities.  
Brown, 
716 S.W.2d at 946; 
Nickerson v. State, 
69 S.W.3d 661, 670 (Tex. App.—Waco 2002, pet. ref’d).  Wounds need not be inflicted before a knife can be determined to be a deadly weapon.  
Brown, 
716 S.W.2d at 946.  Each case is examined on its own facts to determine whether the jury could have concluded from the surrounding circumstances that the knife was used or intended to be used as a deadly weapon.  
Wade v. State, 
951 S.W.2d 886, 892 (Tex. App.—Waco 1997, pet. ref’d).  These surrounding circumstances can include a defendant’s verbal threats, the distance between the defendant and the victim, and the witness’s description of the knife.  
Id.

The State admitted the knife into evidence.  Both Kim and Shen testified that appellant used the knife as a deadly weapon.  Both testified that appellant wielded the knife very close to Shen and demonstrated for the jury how appellant used the knife.  Kim testified that appellant used the knife to threaten Shen, holding the knife close to Shen’s stomach. 
 Shen testified that the appellant used a sharp, serated knife and that he feared he would “probably die.” 
 Two of the investigating police officers testified that in their opinions the knife was capable of causing death or serious bodily injury.  We hold that this evidence is both legally and factually sufficient to support the jury’s deadly weapon finding and overrule appellant’s first point.

C. 
Theft

A person commits theft if, without the effective consent of the owner, he unlawfully appropriates property with the intent to deprive the owner of the property.  
Tex. Penal Code Ann.
 
§ 31.03(a) (Vernon 2003).  In his second point, appellant asserts that the evidence is legally insufficient to show that he committed a theft because he  claims that Kim and Shen were mistaken when they assumed that appellant was stealing the Corn Nuts.   
 

Kim testified that neither he nor Shen gave appellant permission to take either the first or second package of Corn Nuts.  Kim testified that he asked appellant at least twice if he had anything to purchase other than the beer, and appellant said no.   Shen saw the Corn Nuts in appellant’s pocket and appellant tried to leave the store with the Corn Nuts in his pocket without paying for them.  After the first package of Corn Nuts fell from his pocket, appellant grabbed a second package, while he still held the knife, then left the store.  We hold this evidence is legally sufficient to show that appellant committed theft.  We overrule appellant’s second point.  

III.  Ineffective assistance of counsel

A.  Standard of review

In his third point, appellant asserts that his trial counsel was ineffective because his 
Batson 
challenge was untimely.  
We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that
 his 
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  The Batson challenge 

After the jury was sworn and immediately before the trial on the merits began, appellant’s attorney objected to the State’s peremptory strikes of three black female venirepersons, claiming there were no race-neutral reasons for the strikes.  Those venirepersons were seated as venirepersons two, six, and fourteen.  Appellant’s attorney acknowledged that the 
Batson
 challenge was untimely and confessed error.  Nevertheless, the trial court allowed the State to respond to the objection.  The prosecutor explained that the State struck the three venirepersons because they indicated on their juror questionnaires that they considered the primary goal of the criminal justice system in considering punishment for a person convicted of a crime to be rehabilitation.  The State also struck a Hispanic female and a white male for the same reason.
(footnote: 3)  The juror questionnaires of those five venirepersons and the State’s attorney notes from the voir dire hearing were admitted into evidence.  Appellant’s attorney responded by arguing that the State’s reason was not race neutral because probation was not available to appellant if he were to be convicted; thus, he claimed rehabilitation was not an issue in the case.  The trial court denied the 
Batson 
challenge on the basis that it was untimely.  

At the hearing on appellant’s motion for new trial, appellant’s trial attorney testified that his legal representation was deficient because he failed to assert the 
Batson
 challenge timely.  Appellant testified that he failed to notice that the State had struck all potential black jurors until it was too late:  “I hadn’t had a jury in years where all the blacks were struck and it caught me by surprise.”  The trial court denied the motion for new trial and, when asked for clarification on the 
Batson
 issue, explained that the court had no option but to deny the 
Batson
 challenge because it was untimely. 

C.  Discussion

Trial counsel’s performance was deficient because he did not raise the 
Batson
 challenge timely.  
Batiste v. State, 
834 S.W.2d 460, 466 (Tex. App.—Houston [14
th
 Dist.] 1992), 
aff’d, 
888 S.W.2d 9 (Tex. Crim. App. 1994); 
Williams v. State, 
834 S.W.2d 85, 87 (Tex. App.—Houston [14
th
 Dist.] 1992, pet. ref’d).  For this objection to be timely, it must be raised after the parties delivered their lists of strikes and before the court impanelled the jury.  
 Tex. Code Crim. Proc. Ann.
 art. 35.261 (Vernon 1989); 
Cooper v. State, 
791 S.W.2d 80, 83 (Tex. Crim. App. 1990).  The jury is considered impanelled when the members of the jury have been selected and sworn.  
Price v. State, 
782 S.W.2d 266, 269 (Tex. App.—Beaumont 1989, pet. ref’d).

Nevertheless, appellant has not shown a reasonable probability that a different result would have occurred but for his trial counsel’s ineffective assistance.  Appellant’s only argument concerning prejudice is that “[t]here were no African-American jurors permitted to be on the jury who could hear the testimony and weigh and evaluate that testimony from their personal and social point of view.”  T
he ethnic stereotyping implied in appellant’s argument flies in the face of 
Batson
’s basic premise that the Fourteenth Amendment tolerates no assumption about juror competence or impartiality, or the lack thereof, on account of race.  
See Batiste v. State, 
888 S.W.2d 9, 16 (Tex. Crim. App. 1994).  

The record contains no evidence concerning the racial composition of the final jury panel, venirepersons who were targets of peremptory challenges, or the original venire
 
and is thus inadequate for us to review appellant’s 
Batson
 complaint.  
See Hermosillo v. State, 
903 S.W.2d 60, 66 (Tex. App.—Fort Worth 1995, pet. ref’d).  Nor is there any evidence in the record that as a result of the untimely 
Batson 
challenge appellant was forced to accept an objectionable juror or that the jury was incapable of providing the impartial tribunal necessary to ensure proper functioning of the adversarial process.  
See Batiste, 
888 S.W.2d at 17. 

Furthermore, appellant’s trial counsel did about all that could be expected concerning the evidence against appellant.  Both of the victims testified that appellant concealed the Corn Nuts, attempted to leave the store without paying for them, and assaulted them with a knife when he was confronted about the attempted theft.  Appellant was captured on the store’s surveillance videotape, and police captured appellant minutes after appellant left the store.  Appellant had both the Corn Nuts and knife on his body when he was arrested.  

The facts demonstrate that appellant has failed to meet the second prong of the 
Strickland 
test.  We overrule point three.

IV.  Conclusion

Having overruled all three of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: 
 August 21, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See Batson v. Kentucky, 
476 U.S. 79, 106 S. Ct. 1712 (1986).

3:
Striking a venireperson who believes the primary purpose of criminal justice is rehabilitation is a valid race-neutral reason.  
Victor v. State, 
995 S.W.2d 216, 222 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d); 
Hatchett v. State, 
930 S.W.2d 844, 847 (Tex. App.—Houston [14
th
 Dist.] 1996, pet. ref’d).