Ronnie LEE, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00521–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 3, 1988.

Will Gray, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Cathy Herasimchuk, Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

SAM BASS, Justice.

A jury found appellant guilty of aggravated robbery in two separate cause numbers, and the trial court assessed punishment at 10 years confinement in each case.

Appellant does not challenge the sufficiency of the evidence to support his conviction.

In his sole point of error, appellant argues that the trial court erred in failing to discharge the jury after the State exercised its peremptory challenges to strike nine of the 11 black veniremen, in violation of *Bat-* son *v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The record reflects that after the jury was selected and sworn, appellant urged a written motion to quash the jury because the prosecutor had used nine preemptory strikes to exclude veniremen because of their race. After the panel was excused for lunch, the trial court held a hearing on the motion. At the hearing, the prosecutor stipulated that: (1) 11 veniremen were black (nos. eight, 12, 16, 19, 20, 22, 25, 27, 29, 30, and 34); (2) he struck nine black veniremen (nos. eight, 12, 16, 22, 25, 27, 29, 30, 34) and one white venireman; (3) one black served on the jury (no. 20); and (4) one black was struck for cause by defense counsel (no. 19). The prosecutor then recited his reasons for striking nos. eight, 12, 16, 22, 25, 27, 29, and 34, but omitted an explanation for striking venireman no. 30. The trial court determined that the prosecution's peremptory challenges were not motivated by intentional discrimination.

The State first argues that appellant waived any error by failing to timely object *before* the jury was sworn and the venire panel was discharged. *Henry v. State,* 729 S.W.2d 732, 737 (Tex.Crim.App. 1987). But the record reflects that the State did not object to the hearing. Whenever a trial court conducts a *Batson* hearing with the consent of the State, appellant's objection, although previously waived, is considered as timely made. *Smith v. State,* 734 S.W.2d 694, 697 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

To establish a prima facie case of purposeful discrimination by the State in the selection of a jury, the defendant must show that: (1) the defendant is a member of a racial group capable of being singled out for differential treatment; (2) the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race; and (3) these facts and other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude an identifiable group from the jury because of race. *Batson,* 106 S.Ct. at 1723; *Henry,* 729 S.W.2d at 734.

We conclude that appellant established a prima facie case of purposeful discrimination by satisfying all three prongs of the *Batson* test. The burden then shifted to the State to provide a neutral explanation for the strikes. *See Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987); *see also Henry,* 729 S.W.2d at 737; *Smith,* 734 S.W.2d at 698.

■ Appellant complains that the State's explanation for excluding no. 22 was not a justifiable reason for exclusion. The prosecutor testified that he struck no. 22 because that venireman was a black male within 10 years of appellant's age, and "I was concerned with his identity with the defendant in this particular case." A venireman who is similar in age and might be sympathetic for a defendant can be justifiably excluded from the jury panel. *See Rodgers v. State,* 725 S.W.2d 477, 481 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

■ Appellant also argues that the State offered no explanation for the exclusion of venireman no. 30. After the prosecutor presented the reasons for all of his preemptory strikes except no. 30, he stated: "I think that exhausts the list of my strikes that were questioned by the defense attorney. That would be my response, Your Honor." The State argues that the omission was inadvertent, and should have been noted at the time of the hearing. But upon a showing of a prima facie case of discrimination by appellant, the burden was on the State to provide a neutral explanation for *all* venireman struck from the jury panel.

Accordingly, this appeal is stayed, and the trial court is ordered to conduct a hearing to determine whether the State had a neutral explanation for striking venireman no. 30. After conducting the hearing, the trial court will file findings of fact and conclusions of law with this court on or before April 10, 1988.