**Charles COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 211–89.**

Court of Criminal Appeals of Texas, En Banc.

March 28, 1990.

Rehearing Granted April 25, 1990.

On Rehearing June 6, 1990.

John F. Carrigan (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Helena Gentry, Kathlyn Giannaula, Asst. Dist. Attys., Houston, Robert Hut-

tash, State's Atty., Alfred Walker, First Asst. State's Atty., Austin, for the State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BERCHELMANN, Judge.

Appellant was charged with burglary of a building with intent to commit theft. After trial by jury, appellant was found guilty as indicted. The jury found "true" two enhancement allegations and assessed punishment at forty-five years' confinement in the Texas Department of Corrections.[1]

The Court of Appeals reversed appellant's conviction pursuant to the equal protection concerns articulated in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Cooper v. State*, No. 01–88–00075–CR, 1988 WL 131823 (Tex. App.—Houston [1st Dist.] delivered December 8, 1988). We granted review solely to determine whether "the First Court of Appeals erred in holding that, in spite of the fact that the jury had been sworn, the appellant's trial counsel made a timely objection to the State's use of peremptory challenges by calling the trial court's attention to the *Batson* problem prior to the dismissal of the venire." We will affirm.

After the jury was sworn but prior to the dismissal of the veniremembers, defense counsel filed a *Batson* motion. Without objection from the State regarding the timeliness of the motion, the trial court held a brief hearing during which it was determined that appellant is a Black male and that six Black veniremembers sat on the panel. None of the six served on the jury. One Black veniremember was struck for cause, the State exercised peremptory challenges to strike four of the remaining five Black veniremembers and the defense struck the last Black veniremember.[2] When the trial court asked the prosecutor for explanations for striking four of the five Black veniremembers, the prosecutor replied that no reasons were necessary because she did not strike *all* the Blacks from the venire. Apparently persuaded, the trial court overruled appellant's *Batson* motion.

The Court of Appeals held that appellant established a prima facie showing of discrimination, and that the State failed to offer clear and reasonably specific explanations for its legitimate reasons for exercising the challenges; therefore, the trial court "was not free to overrule appellant's *Batson* motion in the absence of neutral explanations." *Cooper*, supra, slip op. at 5, citing *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723.

This case was tried after *Batson* was delivered. For such cases, we have held that "a defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but *before* the jury is sworn and the venire panel is discharged." *Henry v. State*, 729 S.W.2d 732, 737 (Tex. Crim.App.1987) (emphasis in original).[3]

In the case at bar, the jury was sworn, but the venire had yet to be dismissed when defense counsel made his *Batson* objection. Although not mentioned by the parties or the Court of Appeals, Tex.Code Crim.Proc.Ann. art. 35.261(a), in effect at the time of appellant's trial, contemplates that a *Batson* objection be made "before the court has impanelled the jury." Where a discriminatory purpose is demonstrated, "the court shall call a new array in the case." Tex.Code Crim.Proc.Ann. art. 35.-261(b).

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

2. As the Court of Appeals points out, one of the four veniremembers struck by the State was a double strike, in that the veniremember had been struck by both the State and the defense. We note, however, that simply because the defense exercised a peremptory challenge against the same veniremember does not wholly refute the inference of discriminatory use of other peremptory challenges.

3. Given the variety of jury selection practices throughout the country, The United States Supreme Court specifically declined to instruct the state and federal courts on the procedural aspects surrounding the implementation of the *Batson* decision. *Batson*, 476 U.S. at 100, n. 24, 106 S.Ct. at 1724, n. 24.

Pursuant to the statute and our case law, appellant's objection was untimely for failure to object prior to the jury being sworn, notwithstanding the fact that the venire had yet to be dismissed. Our inquiry does not end with this determination, however, for the trial court heard the motion and held an informal *Batson* hearing without objection from the State. The Court of Appeals concluded that the State's failure to object to the untimeliness of the motion resulted in proper preservation of the *Batson* issue. *Cooper*, supra, slip op. at 3, citing *Lee v. State*, 747 S.W.2d 57, 58 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd.).

The notion that the State can waive complaint of the timeliness of a *Batson* motion on appeal by failing to raise this issue at trial appears to be a rule followed exclusively in the Court of Appeals for the First District. See also *Smith v. State*, 734 S.W.2d 694, 697 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Of course, we have repeatedly held that in order to preserve a complaint for appellate review, a party must have registered a timely and specific objection. See, for example, *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App. 1985). See also Rule 52(a) Tex.R.App.P.

Given the extremely limited nature of the State's right to appeal, this rule of waiver or procedural default typically bars review of a *defendant's* claim. *Armstrong*, 718 S.W.2d at 699. But see *Nickerson v. State*, 782 S.W.2d 887 (Tex.Crim.App.1990) (State's failure to object to poorly drafted charge providing defendant could be found guilty as a primary actor or as a primary actor *and* as a party unnecessarily increased the State's burden of proof); *Ortega v. State*, 668 S.W.2d 701, 706–07 (Tex. Crim.App.1983) (opinion on motion for rehearing) (State's failure to object to court's poorly drafted charge providing defendant must be found guilty of fraudulently obtaining property *and* services in credit card abuse prosecution unnecessarily increased

the State's burden of proof); Rule 52(a) Tex.R.App.P.

The State offers no authority for the proposition that only those who stand accused must abide by the rules of evidence and appellate procedure. We are not persuaded that the burden of preserving error rests solely upon the shoulders of a defendant.

Under the narrow facts of the case at bar, we agree with the Court of Appeals that appellant's *Batson* issue was properly before that court for review where the motion was filed prior to the dismissal of the venire, where the prosecutor failed to object to the untimeliness of the motion and where the trial court held a hearing on the motion.[4]

The opinion of the Court of Appeals is affirmed. The State's petition for discretionary review is overruled.

McCORMICK, P.J., concurs in the result.

## OPINION ON STATE'S MOTION FOR REHEARING

STURNS, Judge.

On original submission, in addressing the State's petition for discretionary review, we held that appellant had preserved *Batson* error for appellate review notwithstanding that his trial objection was interposed after the petit jury was sworn but prior to dismissal of veniremembers. The basis of our conclusion rested on the proposition that it was incumbent upon the State to lodge an objection to the untimeliness of appellant's motion prior to the time the trial court conducts the *Batson* hearing. If the trial court proceeds to hearing without the State's objection as to appellant's tardiness, the State's complaint as to preservation of error for appellate review will be deemed waived. Consequently, we affirmed the judgment of the court of appeals which

---

**4.** We are unpersuaded with the State's argument that the prosecutor's reply that she did not have to give race neutral reasons for striking four out of five Black veniremembers because she did not strike the fifth Black on the panel is tantamount to an objection to the timeliness of the

*Batson* motion. An objection must be sufficiently specific to apprise the Court of the precise ground upon which a party is complaining. *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim. App.1977); Rule 52(a) Tex.R.App.P.

concluded that the State had exercised its peremptory challenges in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

 In its motion for rehearing the State argues that this Court's opinion on original submission is contrary to the dictates of Rule 52(a), Tex.R.App.Proc., which reads:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to the rulings or orders of the trial court.

We agree with the State. Implicit in Rule 52(a), Tex.R.App.Proc., is the requirement that *only* the party seeking to appeal an adverse ruling by the trial court is burdened with the obligation of interposing a timely objection to the trial court's action. In the case *sub judice* it was the appellant who sought to appeal the trial court's adverse ruling in regards to the appellant's *Batson* motion. In *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Cr.App.1987), this Court specifically held:

... We prospectively declare that a defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but *before* the jury is sworn and the venire panel is discharge. [Emphasis in original.] [1]

 Thus, at the time of appellant's trial in January of 1988, a timely objection for purposes of *Batson* was to be interposed prior to the petit jury being sworn and the venire panel being dismissed. Naturally, had the State desired to prevent the trial court from conducting a *Batson* hearing and making a ruling at the conclusion of the hearing it would have been obligatory to inform the trial court of appellant's tardiness in making the appropriate motion. However, for appellate purposes the State has no obligation at the trial level to make a contemporaneous objection to appellant's failure to make a contemporaneous objection. The fact that the trial court proceeded to conduct a *Batson* hearing is irrelevant to the issue of whether the appellant actually preserved error. The State's obligation is to bring to the appellate court's attention the fact that the appellant was dilatory in preserving error for appellate review. As was stated by this court in *Tallant v. State*, 742 S.W.2d 292, 294 (Tex.Cr.App.1987):

... Just as an appellant must properly present points of error to the court of appeals for its decision in order to complain of an adverse determination by way of ground for review, *we hold that the State must call to the attention of the court of appeals in orderly and timely fashion that an alleged error was not preserved.* [emphasis added.]

 The State brought to the attention of the court of appeals that in accordance

---

1. The entire text of Article 35.261, V.A.C.C.P., reads:

(a) After the parties have delivered their lists to the clerk under Article 35.26 of this code and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case. The court shall grant the motion of a defendant for dismissal of the array if the court determines that the defendant is a member of an identifiable racial group, and that the attorney representing the state exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defendant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the state were made for reasons based on race. If the defendant establishes a prima facie case, the burden then shifts to the attorney representing the state to give a racially neutral explanation for the challenges. The burden of persuasion remains with the defendant to establish purposeful discrimination.

(b) If the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array on the case.

At the time of appellant's trial, *Henry*, supra, had been handed down by this Court and Article 35.261, supra, was in effect.

with case law appellant failed to timely object on the basis of *Batson*, and therefore the error was not preserved for appellate review. Having concluded that the State was correct in its assertion, the judgment of the court of appeals is reversed and the cause remanded to that court for consideration of the issue of whether appellant was denied effective assistance of counsel.

McCORMICK, P.J., concurs in result.

For reasons stated in this Court's opinion on original submission, BERCHELMANN, J., dissents, joined by CLINTON and TEAGUE, JJ.