Turner v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-292-CR

     MICHAEL WAYNE TURNER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 9069
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Michael Turner of aggravated assault. The court assessed punishment at
fifteen years confinement after finding an enhancement allegation true. Turner contends that the
court erred in overruling his objection to the racial composition of the jury and to the paragraph
in the charge applying the law to the facts. He also argues that the evidence was insufficient to
support a finding that he used gasoline during the commission of the offense. In his final point
Turner complains that he was denied effective assistance of counsel. We affirm.
      On June 3, 1992, Johnny Johnson, Glenda Toussant, Willie Banks, and Mack Green were
socializing at the Johnson-Toussant home. Around 5:00 a.m. they heard a noise outside and
smelled gasoline. As Banks opened the door, Turner forced his way inside carrying a gasoline
can and saying something about "his money." Apparently, Turner thought that Johnson's niece,
Sonya Johnson, had taken twenty dollars from him and given it to one of the occupants of the
house. 
      Turner began to pour gasoline on the floor of the house and threatened to ignite the liquid with
a cigarette lighter if the money was not repaid. Johnson produced a gun but could not discharge
it because it was unloaded. Toussant then gave Turner twenty dollars who then left the house. 
      In his first point, Turner argues that the court erred in denying his Batson objection. See
Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Tex. Code Crim.
Proc. Ann. art. 35.261 (Vernon 1989). The Texas Code of Criminal Procedure provides in part:
After the parties have delivered their lists to the clerk under Article 35.26 of this code
and before the court has impaneled the jury, the defendant may request the court to
dismiss the array and call a new array in the case.
Tex. Code Crim. Proc. Ann. art. 35.261. 
      A jury is considered "impanelled" when its members are selected and sworn. Hill v. State,
827 S.W.2d 860, 864 (Tex. Crim. App. 1992). A Batson challenge made after the jury panel is
sworn does not preserve error. Cooper v. State, 791 S.W.2d 80, 83-84 (Tex. Crim. App. 1990)
(opinion on rehearing). Furthermore, the state has no duty to object to the untimeliness of a
Batson objection to argue it on appeal. Id. at 83.
      Here, it is clear from the record that Turner's Batson challenge was untimely because it was
made after the jury was sworn and excused for the day. We overrule point one.
      Second, Turner argues that the evidence was insufficient to support a finding that he used
gasoline during the commission of the offense. He contends that because no tests were conducted
on the liquid used in the assault the evidence is insufficient to convict him of using gasoline in the
offense.
      In reviewing the sufficiency of the evidence on appeal, we must determine "whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt." See Jackson v.
Virginia, 443 U.S. 307, 319 n.12, 99 S.Ct. 2781, 2789, n.12, 61 L.Ed.2d 560 (1979). 
      Donnie Teague, Madison County Fire Marshall, went to the scene on the day of the crime. 
He testified that in his opinion the liquid poured on the floor was gasoline. Robert Dunn, a
Madisonville police officer, also arrived at the house on the day of the crime. Prior to his
employment as an officer, he was a fire marshall for the City of Dayton and Liberty County and
had served as a volunteer fireman. His opinion was also that the substance poured in and around
the house was gasoline. In addition, the can used by Turner and subsequently recovered at the
scene had the word "gasoline" printed on the side. Furthermore, the victims repeatedly testified
that liquid used was "gasoline" or "gas." 
      After viewing the evidence in the light most favorable to the verdict, we find that any rational
trier of fact could have found beyond a reasonable doubt that gasoline was used in the commission
of the offense. See id. We overrule point two.
      In his third point, Turner argues that the court committed egregious error by failing to apply
the law to the facts in the paragraph concerning the offense of aggravated assault. When
reviewing a complaint on appeal involving a charge, the appellate court is obligated to consider
the charge as a whole rather than reviewing isolated portions. Bailey v. State, 532 S.W.2d 316,
322 (Tex. Crim. App. 1975). Furthermore, because Turner did not object to the charge, he must
show "actual egregious harm"—i.e., that the error in the charge deprived him of a fair and
impartial trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (on
rehearing). The proper standard for determining whether reversible error occurred is whether the
error was calculated to injure Turner's rights or whether he suffered some harm. See Id. 
      Paragraph V of the charge provided:
Our law provides that a person commits an assault if he intentionally or knowingly
threatens another with imminent bodily injury.
A person commits aggravated assault if the person commits an assault, as defined
above, but commits the assault with a deadly weapon.
Paragraph VII, the application paragraph, provided:
Now, if you find from the evidence beyond a reasonable doubt that on or about the
3rd day of June, 1992 in Madison County, Texas, the defendant, Michael Wayne Turner,
did intentionally or knowingly commit an assault on Mack Green by use of a deadly
weapon, to-wit: gasoline and a cigarette lighter, you will find the defendant guilty of
aggravated assault and so say by your verdict.
Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant of aggravated assault and say by your verdict, "not
guilty".
      A juror needed only to refer to paragraph V and incorporate the definition of assault when
considering the application paragraph in determining Turner's guilt or innocence of aggravated
assault. After reading the charge as a whole, we find that Turner's rights were protected. See id. 
Thus, we find that there was no egregious error. See id. We overrule point three.
      In his fourth point, Turner argues that he was denied effective assistance of counsel during
the punishment phase of his trial. He contends that his attorney allowed evidence to be admitted
without objection of unadjudicated extraneous offenses and of his out-of-court custodial admission. 
After the jury convicted Turner, the court ordered the Probation Department to conduct a
presentence investigation. The report, which was prepared by probation officer Jade Bracewell,
was introduced into evidence at the punishment phase of the trial. Turner objected to the report
on hearsay grounds. The report described the facts of the crime and Turner's social and criminal
history. As revealed in the report, Turner had three previous arrests and felony convictions for
the attempted murder of his father and the aggravated robbery of the clerk at a convenience store. 
The latter two offenses were not finally adjudicated at the time of trial. 
      Bracewell testified that Turner admitted to her that he used gasoline and a lighter during the
commission of the offense. Turner argues that this admission was "the apparent result of custodial
interrogation."
      In determining the effectiveness of counsel during the punishment phase, Texas courts use the
"reasonably effective assistance" standard of Ex Parte Duffy, 607 S.W.2d 507, 516 (Tex. Crim.
App. 1980). Curry v. State, No. 02-91-340-CR, slip op. at 71 (Tex. App.— Fort Worth 1993,
n.w.h.). This standard is not "errorless counsel," and not "counsel judged ineffective by
hindsight," but counsel "reasonably likely to render and rendering reasonably effective assistance." 
Cannon v. State, 668 S.W.2d 401, 402 (Tex. Crim. App. 1984).
      An isolated failure to object to certain procedural mistakes does not constitute ineffective
assistance of counsel. Johnson v. State, 629 S.W.2d 731, 736 (Tex. Crim. App. 1981). 
Furthermore, the adequacy of counsel's assistance is based upon the totality of the representation. 
Johnson v. State, 614 S.W.2d 148, 149 (Tex. Crim. App. [Panel Op.] 1981).
      Although Turner did not object to the admission of evidence of unadjudicated extraneous
offenses, he did object to the presentence investigation report as being hearsay. Counsel was
obviously trying to minimize the impact of this evidence. 
      It is not clear or "apparent" from the record that Turner's admission to Bracewell occurred
during a custodial interrogation. Thus, we find that Turner's counsel rendered reasonably
effective assistance. We overrule point four and affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 27, 1993
Do not publish



>DEFENSE:My objection is they failed to prove that it was a deadly weapon, therefore -
 
      COURT:     They shouldn’t charge it.
 
DEFENSE:You shouldn’t charge on a deadly weapon. We should just charge on
regular assault.
. . .
 
      COURT:     I overrule the objections. . . .
To further complicate matters, even though the court said “[a]nything in the manner of it’s use or
intended use is capable of causing death, that’s out,” the court defined “deadly weapon” in the
charge, without objection, according to subsection “B” and omitted any reference to the definition
in subsection “A.”
      Regardless of whatever confusion may have existed at trial, we have rejected Johnson’s
argument in a case with strikingly similar facts. In Wade v. State, the indictment alleged an
assault by “caus[ing] bodily injury to [the victim] by striking her, and did then and there use a
deadly weapon, to-wit: a knife.” Wade v. State, 951 S.W.2d 886, 888 (Tex. App.—Waco 1997,
pet. ref’d). Wade complained that the indictment did not allege that he used the knife to inflict
the bodily injury. Id. We explained:
Article V, § 12(b) of the Texas Constitution defines an "indictment" as "a written
instrument presented to a court by a grand jury charging a person with the commission
of an offense." TEX. CONST. art. V, § 12(b); Cook v. State, 902 S.W.2d 471, 477
(Tex. Crim. App. 1995); Studer v. State, 799 S.W.2d 263, 265 (Tex. Crim. App. 1990). 
Thus, to comprise a valid indictment within the definition provided by the Constitution,
an indictment must charge: (1) a person; (2) with the commission of an offense. Cook,
902 S.W.2d at 477. An indictment may properly charge the offense of aggravated assault
by alleging (1) the defendant (2) intentionally, knowingly, or recklessly (3) caused bodily
injury to another and (4) used a deadly weapon. Tex. Penal Code Ann. §§ 22.01(a)(1),
22.02(a)(2) (Vernon 1997 & Supp. 2002); Butler v. State, 928 S.W.2d 286, 288 (Tex.
App.—Fort Worth 1996, pet. ref'd). Wade contends the indictment alleges only simple
assault because it alleges he struck Schulz "and" he used a deadly weapon. Under
Wade's construction, the indictment must have alleged that he caused Schulz's bodily
injury "by" using a deadly weapon. However, bodily injury caused by a deadly weapon
is not a necessary element of aggravated assault. Rather, the defendant must
intentionally, knowingly, or recklessly cause bodily injury to another and use a deadly
weapon during the assault. Therefore, the failure to allege that the deadly weapon caused
the bodily injury does not render the indictment insufficient to charge aggravated assault. 
The indictment in this case properly charged Wade because it alleged all the essential
elements of aggravated assault. Butler, 928 S.W.2d at 288.
 
Moreover, as a general rule, an indictment in the language of the statute creating and
defining the charged offense will be sufficient. Beck v. State, 682 S.W.2d 550, 554
(Tex. Crim. App. 1985). The indictment charging Wade was sufficient because it
tracked the language of the statute creating and defining aggravated assault.

Id. at 888-89. Other courts have impliedly approved an indictment which alleges the elements of
aggravated assault in the language of the statute. E.g., Duvall v. State, 59 S.W.3d 773, 776 (Tex.
App.—Austin 2001, pet. ref’d) (aggravated assault); Garcia v. State, 17 S.W.3d 1, 5 (Tex.
App.—Houston [1st Dist.] 1999, no pet.) (aggravated assault); Bethel v. State, 842 S.W.2d 804,
806-07 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (indictment adequate which alleged use
of a hammer and an unknown weapon); see also Gray v. State, 51 S.W.3d 856, 858 (Tex.
App.—Texarkana 2001, pet. dism’d improvidently granted) (aggravated robbery).
      Because Johnson’s theory fails about why the evidence is legally insufficient under the
indictment, we overrule this issue.
Variance
      Johnson’s second issue is that there was a “variance” between the offense as alleged in the
indictment and the proof at trial. While some courts have treated this issue as one concerning
“notice,” the Court of Criminal Appeals has routinely reviewed it as a sufficiency-of-the-evidence
issue. Gollihar v. State, 46 S.W.3d 243, 247 (Tex. Crim. App. 2001). Sufficiency of the
evidence concerns due process. Id. at 245-46. Variances that are not prejudicial to the substantial
rights of the defendant are “immaterial” and do not constitute insufficient evidence. Id. at 247-48. 
“Immateriality” is determined by examining whether the indictment (1) sufficiently informs the
defendant of the charge against him to allow him to adequately prepare a defense, and (2) is
sufficiently clear about what criminal conduct it is referring to, such that the defendant could not
be subjected to prosecution for the same offense under a differently-worded indictment. Id. at
248. A “material” variance is also called a “fatal” variance. Id. at 249.
      Because of our resolution of Johnson’s first issue, his second issue fails. The evidence at trial
showed that he cut his wife’s throat with a knife. This proof shows that he committed an
aggravated assault while using or exhibiting a deadly weapon, which is what is alleged in the
indictment. In addition, the indictment sufficiently informed Johnson about the charge against him
and was clear enough about the offense that he would not be subjected to double jeopardy by a
differently-worded indictment about the same offense. Thus there is no variance. We overrule
this issue.
Conclusion
      Having overruled Johnson’s two issues, we affirm the judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Publish
[CRPM]