

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00483-CR

LEROY MCDONALD                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1217644D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Leroy McDonald appeals his convictions for three counts of sexual assault of a child under the age of seventeen.[2]  In six points, McDonald argues that the trial court erred by not granting his *Batson* challenge; by not

---

[1]*See* Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 22.011(a)(2) (West 2011).

allowing evidence of the complainant's past sexual history and alleged "prior false" sexual abuse allegations to be introduced at trial; and by failing to sustain multiple objections to the State's closing argument. We will affirm.

## II. BACKGROUND

The complainant in this case was fourteen years old in October 2009. McDonald was her mother's boyfriend and lived with the complainant, her mother ("Mother"), complainant's younger sister ("Sister"), and complainant's aunt. Mother is a nurse who works nights. In 2009, doctors diagnosed Sister with leukemia, and Mother often stayed at Cook Children's Hospital with Sister during chemotherapy treatments, leaving the complainant in McDonald's care.

During this time, with Mother's attention and concern focused on Sister, McDonald paid attention to the complainant. He took her to school and picked her up, and he asked her about her day, her friends, and boys. Specifically, he asked her if she had ever "done anything" with boys. The complainant testified that McDonald made her feel important and that she was attracted to him.

One evening when Mother and Sister were not at home, the complainant removed her clothes and went over to McDonald. According to the complainant, McDonald digitally penetrated her sexual organ, telling her that he knew it was wrong and that he would get in trouble if anybody found out. Later, McDonald engaged in sexual intercourse with the complainant approximately ten times, and he also had her perform oral sex on him and masturbate in front of him. By the

2

complainant's account, McDonald generally wore condoms during intercourse, and he told the complainant they needed to keep their activities secret.

The complainant, who admittedly was feeling a great deal of guilt and wanted the sexual contact to stop, eventually told C.S., a former girlfriend of her father ("Father"), about the sexual activity between the complainant and McDonald. The complainant asked C.S. to keep it a secret, but C.S. told Father. Father called Mother, his ex-wife, told her about the sexual abuse, and instructed her to call the police.

City of Grand Prairie Police Officer David Greisinger testified at trial. According to Greisinger, his department assigned him to investigate the complainant's allegations in June 2010. During his investigation, he contacted McDonald by phone. Greisinger said that McDonald told him over the phone that he was having difficulty getting a ride, so Greisinger gave him his contact information. Greisinger testified that McDonald called back a few days later but again did not have a ride, so he could not come to the station for questioning. By Greisinger's account, he did not hear from McDonald again until after he was arrested.

A jury found McDonald guilty of three counts of sexual assault of a child under the age of seventeen and assessed punishment at two years' confinement on counts one and three of the State's indictment, and ten years' confinement on count two, with a recommendation of a suspended sentence on count two. The

trial court entered judgment accordingly and ordered that the sentences be served consecutively. This appeal followed.

## III. DISCUSSION

### A. *Batson* Challenge

In his first point, McDonald argues that the trial court erred by failing to grant his *Batson* challenge. *See Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). The State argues that McDonald failed to preserve this point for our review. We agree with the State.

To preserve an issue for appeal, a party must make a timely and specific objection. Tex. R. App. P. 33.1(a). For a *Batson* challenge to be timely, it must be raised after the parties deliver their lists of strikes and before the court impanels the jury. Tex. Code Crim. Proc. art. 35.261(a) (West 2006); *Cooper v. State*, 791 S.W.2d 80, 81 (Tex. Crim. App. 1990). A jury is considered impaneled when the members of the jury have been both selected and sworn. *Hill v. State*, 827 S.W.2d 860, 864 (Tex. Crim. App.), *cert. denied*, 506 U.S. 905 (1992). In this case, trial counsel first raised his *Batson* challenge after the parties had delivered their lists, the jury had been sworn, and the venirepanel had been dismissed. Therefore, McDonald failed to preserve this issue for our review and we overrule his first point.

### B. Exclusion of Evidence Regarding Complainant's Sexual History

In his second point, McDonald argues that the trial court erred by ruling that evidence of the complainant's past sexual history and alleged "prior false"

4

sexual abuse allegations were inadmissible. The State counters that the trial court did not abuse its discretion by excluding this evidence because it did not fall within any of the enumerated exceptions to the "rape shield" rule of evidence. We agree with the State.

### 1. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We must uphold the trial court's decision "[i]f the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made." *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *see also Johnson v. State*, 449 S.W.3d 240, 249 (Tex. App.—Fort Worth Oct. 9, 2014, pet. granted) (op. on en banc reconsideration) (applying abuse-of-discretion standard to trial court's decision to admit evidence of sexual assault complainant's past sexual behavior).

### 2. Rape Shield

Rule 412 of the Texas Rules of Evidence, known as the "rape shield" law, governs the admissibility of a complainant's prior sexual conduct in a sexual assault prosecution. Tex. R. Evid. 412; *Hale v. State*, 140 S.W.3d 381, 396 (Tex.

5

App.—Fort Worth 2004, pet. ref'd). Rule 412 precludes evidence of specific instances of the complainant's past sexual behavior except under certain limited circumstances. *See* Tex. R. Evid. 412(b). Because the complainant in this case was younger than seventeen years of age at the time the alleged assaults occurred, consent is not an issue or defense to the State's allegations. *See* Tex. Penal Code Ann. § 22.011(a)(2); Tex. R. Evid. 412(b)(2)(B). Nor is promiscuity a defense under current law. *McGlothlin v. State*, 260 S.W.3d 124, 129 (Tex. App.—Fort Worth 2008, pet. ref'd).

### 3. Scientific or Medical Evidence

In part of his second point, McDonald argues that the trial court erred by not allowing him, via granting the State's motion in limine to prohibit discussing the complainant's sexual history, to elicit testimony regarding the complainant's sexual history because the State's expert witness who testified about the complainant's sexual assault exam said that the complainant "had only a partial hymen."

McDonald argues that this was "scientific or medical evidence" offered by the State and that he should have been allowed to rebut this evidence under Rule 412(b)(2)(A). *See* Tex. R. Evid. 412(b)(2)(A) (stating that evidence of complainant's sexual history is admissible if "necessary to rebut or explain scientific or medical evidence offered by the prosecutor"). But McDonald did not argue in the trial court that he wanted to elicit testimony, make opening

6

argument, or otherwise introduce evidence to rebut "scientific or medical evidence" intended to be offered by the State. *Id.*

At trial, McDonald specifically cited Rule 412(b)(2)(C) and argued that he should be able to make opening arguments, and, ostensibly, elicit testimony at trial concerning the complainant's motives or "bias of the alleged victim in several different ways." Thus, to the extent that McDonald now brings a complaint that he should have been able to introduce evidence to rebut or explain scientific or medical evidence introduced by the State, his argument on appeal does not comport with his argument at trial and he has forfeited this argument for our review. *See Miller v. State*, 333 S.W.3d 352, 356 (Tex. App.—Fort Worth 2010, pet. ref'd) (*citing Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("[W]hen the objection made in the trial court does not comport with the argument made on appeal, the appellant fails to preserve the argument for our review.")).

### 4.     Other Evidence of the Complainant's Sexual History

In the remainder of his second point, McDonald argues "that the trial court erred by excluding evidence of the [complainant's] prior false allegations and sexual history." Specifically, McDonald argues that the trial court erred by not allowing him to admit evidence of the complainant's motive or bias in making her allegations against McDonald.

In his brief, McDonald does not coherently separate out which evidence he complains of not being admitted. Instead, McDonald summarily provides this court with a recitation of the objections and offers of proof he made at trial, with

7

little discussion or citation to authority as to why the evidence should have been admitted. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a clear and concise argument for the contentions made). The State, however, parses these objections into identifiable categories of evidence. Thus, in the interest of justice, we will address the remainder of McDonald's second point as the State has. *See Burks v. State*, 876 S.W.2d 877, 908 (Tex. Crim. App. 1994) ("[W]e find that no error is preserved. However, in the interests of justice we will address [petitioner's] argument.").

### 5. Evidence of Complainant's Pregnancy

At trial, McDonald argued that he should have been allowed to introduce evidence that the complainant was pregnant by a boy her age when she told C.S. of McDonald's alleged sexual assaults. Specifically, McDonald argued that evidence of her being pregnant would have helped demonstrate that the complainant had a bias or motive to "take the heat off of herself" with her parents by alleging she had been the victim of a crime rather than having had unprotected sex with her boyfriend. But as the State points out, when McDonald had an opportunity to cross-examine the complainant outside the jury's presence, he did not question the complainant about her pregnancy, or her parents' reaction to it. Furthermore, Mother and Father both testified at trial, and McDonald did not ask for a hearing outside the jury's presence to question them about their reaction to the news of the complainant's pregnancy. Moreover, the

8

record indicates that the complainant never accused McDonald of being the father of her child.

A trial court does not abuse its discretion by excluding evidence that a sexual assault complainant is pregnant when evidence that the complainant accused a defendant of sexual assault out of fear of disclosure of her pregnancy from another sexual relationship is "either nonexistent or extremely thin." *Stephens v. State*, 978 S.W.2d 728, 734–35 (Tex. App.—Austin 1998, pet. ref'd). Additionally, under rule 412(b)(2)(C), it was McDonald's burden to demonstrate that a definitive and logical link existed between the complainant's past sexual conduct and the alleged motive or bias, and he did not do so. *See id.* (concluding that trial court properly excluded evidence that complainant was pregnant with another man's child when appellant allegedly sexually assaulted her, reasoning that, among other things, the defendant failed to demonstrate a definite and logical link between complainant's past sexual conduct and any alleged motive and bias); *see also* Tex. R. Evid. 412(b)(2)(C).

### 6. Alleged Previous "False" Accusations

McDonald also argued at the pretrial hearing on the State's motion in limine that the complainant in this case had made two previous false accusations of sexual assault. Later, during trial and outside the jury's presence, McDonald took the complainant on voir dire and the following exchange occurred:

> [Defense Counsel]: Do you recall having -- that you -- you have actually made outcry allegations against two other people of sexual assault, one of them was your cousin [C.]?

9

[Complainant]:  He is not my cousin.

[Defense Counsel]:  Your friend [C.], your -- whatever he is, do you recall that?

[Complainant]:  It wasn't a sexual assault.  It was an inappropriate incident.

[Defense Counsel]:  Okay.  And that happened before anything you are alleging happened with [McDonald]?

[Complainant]:  Yes, ma'am.

[Defense Counsel]:  Excuse me?

[Complainant]:  Yes, ma'am.

[Defense Counsel]:  And then as far as your dad's girlfriend's son, you allege that he sexually assaulted you in your anus?

[Complainant]:  No, ma'am.  Actually, that was my sister he -- yes, ma'am.  I just remember what happened, and I was in the same room at the time that it happened.

[Defense Counsel]:  Okay.  And you know that PJ, you used to claim that PJ would hump on you in a sexual manner?

[Complainant]:  I can't answer that.

[Defense Counsel]:  You can't answer that?

[Complainant]:  No, ma'am.

[Defense Counsel].  Why?

[Complainant]:  Because I don't remember if I said that exactly.  So I am not going to say that I did.

[Defense Counsel]:  Okay. The point is that you have accused at least two other people of being sexually inappropriate with you, [C.] and PJ?

[Complainant].  I guess you could say that.

10

As the State points out, McDonald did not introduce evidence that these alleged allegations were false, nor did he introduce evidence to contradict the complainant's testimony.

Evidence that a child has made accusations of sexual abuse against another is not relevant or admissible in the absence of evidence that those other accusations were false. *See Hughes v. State*, 850 S.W.2d 260, 262–63 (Tex. App.—Fort Worth 1993, pet. ref'd), (reasoning that without a showing of falsity, such evidence does not show an interest, bias, or motive to be untruthful); *see also Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000) (holding in aggravated sexual assault prosecution, trial court did nor err by excluding evidence that the complainant had previously accused his mother of physical abuse when no evidence was offered to show that the earlier accusation was false). Because McDonald did not show that any prior allegations of assaultive sexual conduct made by the complainant in this case were false, the trial court did not abuse its discretion by excluding such evidence. *See Lopez*, 18 S.W.3d at 222.

### 7. Other Evidence of Complainant's Sexual History

McDonald also seems to argue that the trial court erred by prohibiting the testimony of two CPS workers who, according to McDonald's second offer of proof, would have testified about "sex toys, [] videos, and [the complainant] having had sex with other . . . boys her age."

We agree with the State that this is precisely the type of evidence that "rape shield" laws are designed to omit from cases involving sexual assault. *See Allen v. State*, 700 S.W.2d 924, 932 (Tex. Crim. App. 1985) ("Courts have a responsibility to protect the victim from questions not within the proper bounds of cross-examination and which are designed only to harass, annoy[,] or humiliate."). Furthermore, McDonald did not establish a link between the complainant's alleged possession of sex toys and videos, and alleged sexual relationships with boys her own age, and a motive or bias to lie about McDonald's alleged sexual assaults of her. *See Ladesic v. State*, 2007 WL 2963755, at *5 (Tex. App.—Fort Worth Oct. 11, 2007, no pet.) (not designated for publication) (holding that defendant did not demonstrate a definite and logical link between notes describing complainant's sexual acts with other males and alleged motive or bias). We overrule McDonald's second point in its entirety.

## C. Rule 412 Hearing

In his third point, McDonald argues that the trial court improperly failed to hold the in camera hearing required by Texas Rule of Evidence 412(c). *See* Tex. R. Evid. 412(c). This rule provides that when a defendant proposes to introduce evidence concerning specific instances of the complainant's past sexual behavior and has informed the court out of hearing of the jury of his intent to do so, "[t]he court must then conduct an in camera hearing, recorded by a court reporter, to determine whether the proposed evidence is admissible." *Id.* "In camera hearing" denotes a judicial session held either in the judge's chambers or in the

courtroom with all spectators excluded. *See LaPointe v. State*, 166 S.W.3d 287, 293 (Tex. App.—Austin 2005, pet. dism'd). The purpose of the in camera hearing is to ensure that the court "can first hear and evaluate the probity of evidence of an alleged victim's sexual history in a private setting before allowing that sensitive information to be interjected into the public domain." *Id.* at 295.

The record plainly refutes McDonald's contention that the trial court did not conduct a proper Rule 412 hearing. In fact, the trial court held two hearings that complied with Rule 412. First, prior to trial and outside the presence of the jury, the trial court allowed McDonald to make an offer of proof regarding his desired opening arguments. McDonald stated in his offer that he would have made an opening argument that the complainant in this case had a motive or bias in alleging McDonald had sexually assaulted her. McDonald's offer included his statements that the complainant had previously made false allegations of sexual assault, had a desire to cover up her pregnancy from a boy her age by making these allegations, and had taken sexually explicit videos of herself on her cellphone.

Again after the State closed and outside the jury's presence, the trial court conducted another hearing where the trial court permitted McDonald to make an additional offer of proof. In this offer, McDonald said that he desired to call two witnesses to testify that the complainant had had sex with boys her own age and was found with sex toys and videos. He argued that this testimony would be presented to demonstrate that the complainant had a motive or bias in accusing

13

McDonald of the alleged sexual assault. McDonald represented that these two witnesses had already been sworn but that he wanted to forgo calling the witnesses if the trial court would not allow their testimony, and McDonald asked for the State to agree to his offer of proof, which the State did.

In both instances, the trial court considered the evidence and made a specific ruling that the testimony would be inadmissible under rule 412. These types of hearing are the very type of hearing contemplated by rule 412(c). *See Mbata v. State*, No. 03-12-00215-CR, 2014 WL 1285756, at *2 (Tex. App.—Austin Mar. 26, 2014, pet. ref'd) (not designated for publication) (holding that trial court properly conducted in camera hearing as required by rule 412 under almost identical circumstances). We overrule McDonald's third point.

### D. Optional Completeness

In his fourth point, McDonald argues that the trial court erred by excluding his videotaped statement made to Greisinger after he was arrested. McDonald argues that the videotaped statement should have come in under Texas Rule of Evidence 107 and because the statement was necessary to explain or contradict acts or declarations first offered by the State. *See* Tex. R. Evid. 107. We disagree.

Rule 107 is properly invoked when an opposing party reads part, but not all, of a statement into evidence. *Livingston v. State*, 739 S.W.2d 311, 331–32 (Tex. Crim. App. 1987), *cert. denied*, 487 U.S. 1210 (1988); *Araiza v. State*, 929 S.W.2d 552, 555–56 (Tex. App.—San Antonio 1996, pet. ref'd). In such an

14

instance, the remainder of the statement "on the same subject" is admissible to "reduce the possibility of the fact finder receiving a false impression." *Livingston*, 739 S.W.2d at 331–32; *Araiza*, 929 S.W.2d at 555–56; *see also Roman v. State*, 503 S.W.2d 252, 253 (Tex. Crim. App. 1974).

Here, McDonald points to Greisinger's testimony wherein he states that he had contacted McDonald by phone and asked him to come to the police station for questioning. McDonald told Greisinger that he was having difficulty finding a ride. Greisinger testified that McDonald did not give a statement regarding the alleged sexual assault over the phone and that he did not give a statement until after he was arrested. Thus, the State did not introduce any part of McDonald's videotaped statement through Greisinger's testimony. Therefore, there was no need to reduce the possibility of the jury receiving a false impression. *Livingston*, 739 S.W.2d at 331–32.

Further, Greisinger's testimony does not meet the exception to the exclusion of self-serving declarations because the "statement [was not] necessary to explain or contradict acts or declarations first offered by the State." *Allridge v. State*, 762 S.W.2d 146, 153 (Tex. Crim. App. 1988), *cert. denied*, 489 U.S. 1040 (1989).

McDonald's argument is that because Greisinger testified that McDonald did not speak to him over the phone, this testimony contradicts the fact that McDonald did eventually give the videotaped statement. But contrary to McDonald's assertion, Greisinger's testimony was that McDonald did not give

15

him a statement regarding the alleged complaint until after he was arrested. Thus, McDonald's videotaped statement was not necessary to explain or contradict Greisinger's testimony—his testimony was consistent with what McDonald now alleges on appeal. We overrule McDonald's fourth point.

### E.   Objections to State's Closing Argument

In his fifth and sixth points, McDonald argues that the trial court erred by "failing to sustain" his objections to the State's "improper argument at guilt-innocence." The State argues that in three of the instances complained of, the trial court sustained McDonald's objections and that in the fourth instance, McDonald failed to obtain an adverse ruling, thus forfeiting the fourth objection for our review. We agree with the State.

From our review of the record, it is evident that in three of the instances complained of, the trial court sustained McDonald's arguments. In two of them, the trial court instructed the jury to disregard. *See Bonner v. State*, No. 02-10-00059-CR, 2011 WL 3795245, at *7 (Tex. App.—Fort Worth Aug. 25, 2011, no pet.) (mem. op, not designated for publication) ("[T]he trial court promptly instructed the jury to disregard the complained-of statement, and we presume that the jury followed that instruction."). And in the fourth instance, as the State argues, McDonald failed to obtain an adverse ruling. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (holding that an objection must be timely; specific; pursued to an adverse ruling; and with two exceptions, contemporaneous). We overrule McDonald's fifth and sixth points.

16

## IV. Conclusion

Having overruled all six of McDonald's points on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 14, 2015

17