

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00015-CR
_____

CHRISTOPHER EARL KEETON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 278th District Court
Leon County, Texas
Trial Court No. CM-13-00242

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After Christopher Earl Keeton sexually assaulted his girlfriend's then thirteen-year-old daughter, V.C., a Leon County[1] jury convicted him of aggravated sexual assault of a child,[2] and the trial court assessed him punishment of twenty-six years' imprisonment. On appeal, Keeton complains (1) that the trial court erred when it denied his *Batson*[3] challenge and (2) that the evidence was legally insufficient to support a finding that he penetrated V.C.'s sexual organ with his sexual organ. We find (1) that Keeton failed to preserve his *Batson* challenge and (2) that sufficient evidence supports the jury's finding. We will affirm the trial court's judgment.

## I. Keeton Failed to Preserve His *Batson* Challenge

In his first issue, Keeton asserts that the trial court erred in denying his *Batson* challenge to the State's peremptory strike of the only African-American veniremember within the available strike zone. The State argues, *inter alia*, that Keeton's *Batson* challenge was untimely and not preserved for appeal. We agree.

The record reflects the voir dire examination of the jury panel on June 14, 2016. After certain veniremembers were stricken for cause, the trial court took a recess, during which the parties apparently prepared their peremptory challenges. The peremptory challenges of the parties are contained in the clerk's record and show that the State struck juror number 20, the subject of

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2016).

[3]*See Batson v. Kentucky*, 476 U.S. 79 (1986).

Keeton's *Batson* challenge. After the recess, the clerk read the names of the veniremembers selected for the jury, and the trial court released the remaining members of the panel. The trial court then swore in and instructed the jury, then excused them for lunch. After the jury left, Keeton made an oral *Batson* challenge to the State's striking of juror number 20, asserting that the stricken juror was African-American, that she was the only African-American in the strike zone, and that she had not answered any questions or made any comments. He asserted that the striking of juror number 20 was racially motivated. In response, the State posited that it struck the juror because she visited with the trial judge at the bench and stated that she was concerned about her job and for the additional reason that it had been advised that her son has had trouble with the law. Keeton made no reply to the State's proffered reasons for its strike. The trial court noted that the juror had approached the bench and expressed a concern about her work and that out of the sixty veniremembers on the panel, only two were black, with only one within the strike zone. It then found the State's reason racially neutral and denied the motion.

Use of peremptory challenges to strike potential jurors on the basis of race is prohibited by both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1; *see Batson*, 476 U.S. at 85–86, and Article 35.261 of the Texas Code of Criminal Procedure, TEX. CODE CRIM. PROC. ANN. art. 35.261 (West 2006). If the defendant suspects the State of making race-based challenges, he may request a *Batson* hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a). Article 35.261 provides "uniform procedures and remedies to address claimed constitutional violations during jury selection." *State v. Oliver*, 808 S.W.2d 492, 496 (Tex. Crim. App. 1991). "Therefore, whenever a claim is made that

3

veniremembers were peremptorily challenged on the basis of their race, article 35.261 must be followed." *Hill v. State*, 827 S.W.2d 860, 863 (Tex. Crim. App. 1992). To be timely under Article 35.261, a *Batson* challenge must be made "before the court has impanelled the jury." TEX. CODE CRIM. PROC. ANN. art. 35.261(a); *Hill*, 827 S.W.2d at 864. "A jury is considered 'impanelled' when the members of the jury have been both selected and sworn." *Hill*, 827 S.W.2d at 864 (citing *Price v. State*, 782 S.W.2d 266 (Tex. App.—Beaumont 1989, pet. ref'd)).

To preserve a complaint for appellate review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Since Keeton's *Batson* challenge was made after the jury was impaneled, it was not timely. Therefore, he has not preserved this issue for appellate review. *See Cooper v. State*, 791 S.W.2d 80, 81, 84 (Tex. Crim. App. 1990) (op. on reh'g). We overrule Keeton's first issue.

## II.     Sufficient Evidence Supports the Jury's Findings

### A.     Standard of Review

In his second issue, Keeton contends that the evidence is legally insufficient to support the jury's finding that he penetrated V.C.'s sexual organ with his sexual organ. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the

quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In drawing reasonable inferences, the jury "may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life." *Duren v. State*, 87 S.W.3d 719, 724 (Tex. App.—Texarkana 2002, pet. struck) (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). Further, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may "believe all of a witnesses' testimony, portions of it, or none of it." *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). We give "almost complete deference to a jury's decision when that decision is based on an evaluation of credibility." *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

**B.     Analysis**

The indictment charged Keeton with committing aggravated sexual assault of a child by intentionally and knowingly penetrating the sexual organ of V.C., a child younger than fourteen years of age, with his sexual organ.  Under the statute, to obtain a conviction, the State must prove beyond a reasonable doubt that Keeton intentionally or knowingly caused the penetration of the anus or sexual organ of V.C. by any means.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i).  Keeton concedes that there is sufficient evidence to support a finding of all of the required elements, except that he penetrated V.C.'s sexual organ with his sexual organ.[4]  He argues that V.C.'s uncorroborated testimony is insufficient to support this finding.

At trial, V.C. testified that during her Christmas break from school in 2012, Keeton sexually assaulted her at her home.  After Keeton had taken her mother to work, he returned to the house and began yelling at V.C. and her brothers.  Keeton told V.C. to go to the bedroom, and he came to the bedroom also.  He told V.C. that for a woman to have his respect she had to know how to cook, how to drive a car, and how to have sex.  After telling her to remove her clothes and to get on the bed, Keeton assaulted her.  V.C. described the assault:

> Q.     [By the State]  And then what happened after he told you to get on the bed?
>
> A.     I had to lay on my back and then he got on top of me and he tried to put his penis in my vagina, and I told him that it hurt, and he said that he didn't care, and then he kept forcing himself inside of me.

---

[4]The State contends that it only had to show penetration of V.C.'s sexual organ by any means, as required by the statute.  Since we find there is sufficient evidence to find that Keeton penetrated V.C.'s sexual organ with his sexual organ, we need not address this argument.

6

> Q. And was he ever successful of putting his penis inside of you?
>
> A. Yes.

At the time of the attack, V.C. was thirteen years old. Shortly after the attack, V.C. told her brother, Daric. Later, she also told her friend Haley's mother, who called the police. "The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault" of a child. *Glockzin v. State*, 220 S.W.3d 140, 147 (Tex. App.—Waco 2007, pet. ref'd) (quoting *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd), *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571 (Tex. Crim. App. 2008)); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2016). Therefore, even if her testimony is uncorroborated, the jury was free to believe V.C.'s testimony. We find the evidence is sufficient to support the jury's finding that Keeton penetrated V.C.'s sexual organ with his sexual organ. We overrule Keeton's second issue.

## III. Modification of the Judgment

The judgment of conviction indicates that Keeton was convicted under Section 22.011(a)(2)(B) of the Penal Code. However, as the State points out in its brief, Keeton was charged under Section 22.011(a)(1)(B)(i) of the Penal Code. Because we have the authority to correct and modify a judgment to make the record speak the truth when we have information to do so, we modify the trial court's judgment to reflect that the statute for the offense is Section 22.011(a)(1)(B)(i) of the Penal Code. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *see also* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i).

7

Accordingly, we modify the trial court's judgment to reflect that the statute for the offense is Section 22.011(a)(1)(B)(i) of the Penal Code.  We affirm the trial court's judgment, as modified.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:        October 13, 2017
Date Decided:          October 16, 2017

Do Not Publish